GAMMON, *Appellant*, v. LAFAYETTE COUNTY.

1. **Public Officers**: THEIR COMPENSATION. The right of a public officer to compensation for his services is derived from the statute. Unless that gives it he must perform his duties without compensation.

2. **Probate Judges**: FEES. Probate judges are not entitled to fees for entering orders opening and adjourning court.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

AFFIRMED.

*Alex. Graves* for appellant.

*John S. Blackwell* and *William Young* for respondent.

HENRY, J.—Plaintiff sued the county before a justice of the peace on an account for $9.25, the aggregate of fees claimed by him as clerk of the probate court of said county, for opening and adjourning orders of said court entered of record from April 8th to July 10th, 1878, inclusive, except Sundays. Defendant had judgment both in the jus-

tice's court and the circuit court, and plaintiff has appealed to this court. It is agreed that plaintiff was judge and *ex-officio* clerk of the probate court of Lafayette county, and the only question to be determined is whether plaintiff is entitled by law to the fees claimed.

The right of a public officer to. fees is derived from the statute. He is entitled to no fees for services he may perform, as such officer, unless the statute gives it. When the statute fails to provide a fee for service he is required to perform as a public officer, he has no claim upon the State for compensation for such service.

Sections 6, 7 and 8, Wagner's Statutes, 620, 621, 622, leave no doubt in our minds that plaintiff is not entitled to the fees claimed. Section 6 schedules the fees allowed clerks of county courts, and section 7 those allowed clerks of county courts for services, " in probate and other business relating to settlements of guardians, curators, idiots and lunatics." By section 6 a fee of fifteen cents is allowed the clerk of the county court " for all orders not otherwise provided for," and that entitles him to a fee for each opening and adjourning order. No such provision is found in the schedule of fees allowed the clerk of that court for services in probate business, and section 8 provides that "judges of probate shall have such fees for their services as are allowed by law to clerks of county courts for like services." That the county had previously paid plaintiff and others for similar services, is immaterial. A misconception of the statute by the county court, no matter how long it may have been acted upon by that tribunal, will not change the law. All concurring, the judgment is affirmed.