State ex rel. v. Brown.

THE STATE *ex rel.* TROLL, *Sheriff*, v. BROWN *et al.*, *Auditor, Appellants.*

Division Two, December 6, 1898*.

146   401
153   203
f82a  241
82a  242

146   401
168  ¹582

146   401
172   1   7

1. **Officers**: FEES: STATUTORY RIGHT. No officer is entitled to fees of any kind for any service unless they are provided for by statute, and statutes allowing such fees must be strictly construed.

2. ———: ———: ———: SHERIFF: ST. LOUIS COURTS. Although the sheriff of St. Louis is required by statute to attend the criminal courts and the court of criminal correction in St. Louis; yet, as no fee is allowed him for such attendance, he is not entitled to claim compensation therefor from the city.

3. ———: ———: ———: SHERIFFS GENERALLY. Section 4989, Revised Statutes 1889, allowing a sheriff two dollars per day "for attending each court, and for each deputy actually employed in attendance upon such court," has reference only to *civil* courts, and does not apply to criminal courts.

4. ———: ———: ———: ———: APPROVAL OF JUDGE. And where fees are not allowed a sheriff by the statute for his attendance upon a court, an allowance and certification of his claim for such services by the judge of the court are without authority, and do not justify the payment of the claim.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES B. WITHROW, Judge.

REVERSED.

*Chas. Claflin Allen* for appellant.

(1) The relator has no claim in law for services in criminal proceedings, except as set forth in section

*NOTE.—Decided October 17, 1898. Motion for rehearing filed; overruled December 6, 1898.

4990, Revised Statutes 1889 (as amended, Acts 1891, p. 146, section 11), and the fees claimed are not set forth in that section. (2) The allowance of any other fees than those set forth in section 4990, is expressly prohibited by section 4991, Revised Statutes 1889 (re-enacted, Acts 1891, p. 146, section 12). *State v. Wofford*, 116 Mo. 223; *Shed v. Railroad*, · 67 Mo. 687; *Gammon v. Lafayette Co.*, 76 Mo. 675; *Ford v. Railroad*, 29 Mo. App. 616. Throop on Pub. Off., sec. 462; *Christ v. Polk Co.*, 48 Iowa, 302. (3) Section 4989, Revised Statutes 1889 (as amended by Acts 1891, p. 146), applies only to civil courts.

*F. A. Wind* for respondent.

(1) Both by general statute and statute applicable to the city of St. Louis, the sheriff was required to attend the criminal courts and court of criminal correction. Revised Statutes 1889, section 3267; Revised Statutes 1889, section 34, page 2158. (2) His compensation is fixed by statute. It is for attendance upon the court, and is not for fees in a "criminal proceeding." R. S., sec. 4989, Acts 91, p. 146. (3) (*a*) The court audits the account of the sheriff, and when so audited it is the duty of the city auditor to issue a warrant for the amount. He has no power to review the action of the court. R. S. 1889, sec. 3268; *State ex rel. v. County Court*, 42 Mo. 496; *State ex rel. v. Smith*, 5 Mo. App. 429. (*b*) In the city of St. Louis the general term of the circuit court is vested with final, exclusive power to determine correctness of sheriffs' account. R. S. 1889, sec. 8, p. 2159; *State ex rel. Troll v. Brown*, 72 Mo. App. 651.

BURGESS, J.—This is a proceeding by *mandamus* begun by the sheriff of the city of St. Louis in the circuit court of that city against the city auditor to compel him to issue to said sheriff warrants on the city treasurer for the amount of certain accounts claimed by said sheriff to be due him for attendance upon the criminal courts and court of criminal correction in said city.

The petition charges that it was made the duty of the sheriff to attend upon said courts, both by the general statutes (R. S. 1889, sec. 3267), which required him to attend all courts, and the law applicable to city of St. Louis (secs. 3 and 4, art. XX, R. S. 1889, p. 2158), which specifically required him to attend the criminal courts and courts of criminal correction; and further, that by law (R. S. 1889, sec. 4989) he is entitled to compensation for attendance of himself and two deputies. It is further charged that the account of relator as sheriff had been audited and allowed by the judges of the respective courts, and it is claimed that the act of the court is binding on the city auditor.

The amount of the demand is not controverted, but the defense is that section 4989 refers to costs in civil cases only; that there is no provision for compensation to the sheriff for attendance upon court in criminal cases, and therefore none can be allowed.

The case was tried upon the following agreed statement of facts:

"In the above entitled cause it is hereby stipulated and agreed that the petition for an alternative writ, the alternative writ and return thereto, heretofore filed by Joseph Brown, auditor, etc., may all be amended by interlineation by adding the name of the city of St. Louis as a party defendant wherever it may be necessary, so that this proceeding shall stand as if

the petition as originally filed against the defendant Brown, as auditor of the city of St. Louis, and as if the alternative writ had been issued and directed to both, and as if the return had been filed on behalf of both.

"It is further stipulated and agreed that upon the hearing hereof it shall stand admitted that the petitioner is the duly elected, qualified and acting sheriff in and for the city of St. Louis, as alleged in the petition, and that the term of division No. 1 of the St. Louis criminal court for the July Term, 1895, thereof, lasted for eighty-four days, but that the said division of said court was in session for only ——— days during said term, and that two deputies of petitioner attended said court while it was in actual session on said ——— days; that petitioner prepared his account against the city of St. Louis therefor, and submitted the same to the judge of the said court, and that the judge of said court examined said account and allowed and certified to the same, and that it was thereupon submitted by petitioner to defendant Brown, as auditor, and that the petitioner requested said defendant to allow the same and to draw his warrant therefor upon the city treasurer, and that said defendant Brown refused to allow or to draw any warrant for the said services.

"And also that the term of division No. 2, of the St. Louis criminal court, for the July term, 1895, thereof, lasted for 84 days, but that the said division of said court was in session for only——days during said term, and that two deputies of petitioner attended said court while it was in actual session, on said ——— days, and that petitioner prepared his account against the city of St. Louis therefor, and that said account was submitted to the judge of said court, who examined, allowed, and certified the same, and that the petitioner

thereupon submitted it to defendant Brown, as auditor, and requested said defendant to allow the same and to draw his warrant for the amount thereof upon the city treasurer, and that said defendant Brown declined to allow said account, or to draw any warrant therefor.

"Also that two deputies of this petitioner attended upon the St. Louis court of criminal correction, 79 days from June 30, 1895, to October 1, 1895, and that the petitioner made out his account for said services against the city of St. Louis, and submitted the same to the judge of said court, who examined, allowed and certified the same, and that petitioner thereupon submitted the said account to defendant Brown, as auditor, and requested him to allow the same, and to draw his warrant for the amount thereof upon the city treasurer, and that said Brown refused so to do.

"Also that there was at all of the above times a sufficient sum of money in the hands of the treasurer of the city of St. Louis, with which to pay the said amounts upon warrant of the city auditor, had the same been drawn, the said amounts having been theretofore appropriated for said purpose by the municipal assembly of the city of St. Louis.

"Also that petitioner can not receive any pay from the city treasurer except upon the presentation of warrants by defendant Brown.

"Also that the petitioner, Henry Troll, did not in person attend upon division No. 1, or division No. 2, of said St. Louis criminal court, nor did he attend in person upon the St. Louis court of criminal correction during the times above stated, his only attendance being through his said deputies."

The trial resulted in a finding of the issues joined in favor of the plaintiff and the awarding of a peremptory writ of *mandamus* against the defendants.

After an unsuccessful motion for a new trial, defendant Brown appeals.

It is well settled that no officer is entitled to fees of any kind unless provided for by statute, and being solely of statutory right, statutes allowing the same must be strictly construed. *State ex rel. v. Wofford*, 116 Mo. 220; *Shed v. Railroad*, 67 Mo. 687; *Gammon v. Lafayette Co.*, 76 Mo. 675. In the case last cited it is said: "The right of a public officer to fees is derived from the statute. He is entitled to no fees for services he may perform, as such officer, unless the statute gives it. When the statute fails to provide a fee for services he is required to perform as a public officer, he has no claim upon the state for compensation for such services." *Williams v. Chariton Co.*, 85 Mo. 645.

The question then is by what statute is plaintiff entitled to the fees claimed?

It is true that by section 3267, and section 4, article 20, page 2158, Revised Statutes 1889, the sheriff of the city of St. Louis is required to attend the criminal courts and court of criminal correction of said city, but no fee is allowed him by these statutes for such service, in the absence of which the presumption must be indulged that the service was gratuitous. Throop on Public Officers, sec. 446; *State ex rel. v. Brewer*, 59 Ala. 130; *White v. Levant*, 78 Me. 568; *Perry v. Cheboygan*, 55 Mich. 250; *Wortham v. Grayson Co. Court*, 13 Bush. (Ky.) 53.

But plaintiff insists that the fees of sheriff for such service are fixed by section 4989, Revised Statutes 1889 (section 10, p. 145, Acts 1891). This however seems to be a misapprehension of the meaning of that section of the statute. While it provides that sheriffs shall be allowed for their services fees in all cases as thereinafter specified, in one clause of which it is provided, that "for attending each court, and for each

deputy actually employed in attendance upon such court," $2.00 per day each, the number of such deputies not to exceed two, a casual reading will show that it clearly has reference to *civil courts*, proceedings therein, processes issued therefrom, and returnable thereto. It is entirely separated and disconnected from the following section which has special references to proceedings of courts in criminal cases. It is only by the most liberal construction of section 10, page 145, Acts of 1891, that it can be held to embrace the fees of the sheriff for his attendance upon the criminal courts and the court of criminal correction in the city of St. Louis, and to give it such a construction would be doing violence to the rule of construction before announced in such cases. This is the only statute to which our attention has been called that allows a sheriff a fee for his attendance upon courts, and this we think has no reference to the attendance of the sheriff of the city of St. Louis upon either the criminal courts, or the court of criminal correction of that city.

If the sheriff was not entitled by statute to the fees claimed, neither the certificates of the judges of the criminal courts, nor of the court of criminal correction could create such right in him. Nothing short of statutory enactment could do so. These certificates were therefore without authority, and of no binding force upon the city.

The judgment is reversed, and the proceedings dismissed.

GANTT, P. J., and SHERWOOD, J., concur.