STATE OF MISSOURI ex rel., JOHN H. POHLMAN, Sheriff, Respondent, v. ISAAC M. MASON, Auditor of the City of St. Louis, Appellant.

St. Louis Court of Appeals, December 12, 1899.

1. **Officers: FEES: STATUTORY RIGHT.** No officer is entitled to fees of any kind for any service, unless they are provided for by statute and the statute allowing such fees must be strictly construed.

2. **Criminal Court Abolished: JURISDICTION IN CIRCUIT COURTS.** By section 6, Session Acts of 1895, page 132, the St. Louis Criminal Court is abolished and its jurisdiction is transferred and vested in the St. Louis Circuit Court.

State ex rel. v. Mason.

3. ——: ——: JURISDICTION, HOW GOVERNED. A court is civil or criminal, or both, according to the character of the causes it has authority or jurisdiction to hear and determine. The name by which it is designated may add force to its character, but can not control its powers or jurisdiction.

4. ——: ——: ——: ASSIGNMENT OF CASES. When the assignment of cases was made, the circuit judges so assigned took the place of and succeeded to the jurisdiction of the former criminal courts, and are to all intents and purposes criminal courts, with authority to exercise criminal jurisdiction only.

5. ——: ——: MANDAMUS. The fees claimed by the sheriff not being allowed by the statute, the approval of the judges thereof were without authority, and the judgment making the writ absolute is hereby reversed.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED.

*B. Schnurmacher* and *Chas. Claflin Allen* for appellant.

Although the sheriff of the city of St. Louis is required by statute to attend the courts trying criminal causes, yet, as no fee is allowed him by statute for such attendance, he is not entitled to compensation therefor from the city. State ex rel. Troll, Sheriff, v. Brown, Auditor, 146 Mo. 401. And, for the same reason, the sheriff is not entitled to compensation for summoning standing juries for said courts. Section 4990, which provides for his compensation in connection with criminal causes, makes no allowance for services of either kind above referred to, and claimed in this proceeding.

(1) The law relating to sheriff of the city of St. Louis, distinguishes between fees and compensation of the office. See Appendix to Revised Statutes 1889, p. 2159, sections 7, 8 and 9. (2) The *per diem* of the sheriff for attendance in court by himself and deputies, is not fees in criminal or civil cases, but

is compensation and emoluments of the office as distinguished by the statute above quoted. (3) Section 4989, Revised Statutes 1889, re-enacted in 1891—Sess. Acts 1891, p. 145, sec. 10, makes provision for a *per diem* to the sheriff for attendance at court by himself and deputies in addition to his fees in the cases. (4) The case of State ex rel. Troll v. Brown, is not in point. That was brought to compel the auditor to allow Sheriff Troll's *per diem* for attending the St. Louis Criminal Court, and St. Louis Court of Criminal Correction. This proceeding is to compel the auditor to allow the sheriff's *per diem* for attending circuit courts.

BLAND, J.—For attendance of himself and his deputies in Division No. 8 of the St. Louis Circuit Court, and for summoning four standing juries for said court during the December Term, 1898, thereof, the sheriff presented his bill amounting to $303.60, to the judge presiding in said division No. 8 for approval. The judge examined and approved the bill, and certified it to be correct. A like bill for the same amount, for like services for the same term of court held in division No. 9, was approved and certified to be correct by the judge of that division. These bills were presented to Mason, city auditor, for payment, but payment was refused, on the ground that divisions numbers 8 and 9 of the circuit court, were confined to the exercise of criminal jurisdiction only, and that there was no statute allowing the fees claimed in criminal cases. The sheriff then sued out an alternative writ of mandamus against the auditor, which was on hearing in the circuit court made peremptory. After an unsuccessful motion for rehearing the auditor appealed.

It is admitted that divisions numbers 8 and 9 are the criminal divisions of the St. Louis Circuit Court. To reverse the judgment the auditor relies on the decision of the supreme court in State ex rel. v. Brown, 146 Mo. 401, wherein it was

held that a sheriff was not entitled to fees for himself and deputies for attendance on the sessions of the St. Louis Criminal Court and Court of Criminal Correction, although it was made his duty by statute to attend said court; that the statute allowing these fees has reference to civil courts only. If, therefore, divisions numbers 8 and 9 of the St. Louis Circuit Court are criminal courts, the sheriff is not entitled to the fee he claims. A court is civil or criminal, or both, according to the character of causes it has authority or jurisdiction to hear and determine. The name by, which it is designated may add force to its character, but can not control its powers or jurisdiction. By section 6, Session Acts of 1895, page 132, the St. Louis Criminal Court is abolished and its jurisdiction is transferred and vested in the St. Louis Circuit Court. Section 13 of the Act provides the manner and means for the exercise of this jurisdiction after the first Monday in January, 1897, by the circuit court. By this section the judges of the circuit court of St. Louis, sitting in general term, are required to assign two or more of their number, who shall sit separately for the trial of criminal causes, and for the disposition of other criminal business. The judges so assigned are, after the assignment is made and during its continuance, confined to the transaction of criminal business exclusively. When these assignments were made, the circuit judges so assigned took the place of and succeeded to the jurisdiction of the former criminal courts, and are to all intents and purposes criminal courts, with authority to exercise criminal jurisdiction only. We therefore hold on the authority of State ex rel. v. Brown, *supra*, that the sheriff was not entitled to the fees claimed and reverse the judgment. All concur.