## JACKSON COUNTY, Appellant, v. STONE.

### Division One, May 21, 1902.

1. **Sheriff's Fees:** SALE UNDER SCHOOL-FUND MORTGAGE: IN COUNTIES OF 100,000 PERSONS. The sheriff who sells land under a school-fund mortgage, "in a county having a population of 100,000 and less than 300,000," is not entitled to fees as a trustee for making such sale, nor is he entitled to retain any fees at all, but the county, under a statute which places the sheriff on a salary and requires him to collect and pay all the fees of his office into the county treasury except "his commissions as a trustee, received from acting as trustee in any deed of trust, or mortgage with power of sale," is entitled to a sum equal to what would be allowed to sheriffs in other counties for making sales under execution on a judgment of a court of general jurisdiction.

2. ————: ————: CHARACTER. A sale under a school-fund mortgage by the sheriff is not a sale under a "mortgage with power of sale," or by him as trustee, but a sale made in obedience to orders of the county court.

Vol 168 mo—37.

---

*Jackson Co. v. Stone.*

---

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED *(with directions).*

*John A. Sea* for appellant.

(1)   The school law vests in the county court the care and management of the school funds.   Said court has the sole control of the same, and has the sole control and the care and custody of the bonds and mortgages given to secure loans. The county court is the trustee of said funds and the bonds representing them, and of the mortgages securing them.   It is a statutory trust.   Ray Co. v. Bentley, 49 Mo. 236; Township Board, etc. v. Boyd, 58 Mo. 276; Montgomery Co. v. Auchley, 103 Mo. 492; Lincoln Co. v. McMullin, 2 Mo. App. 312; R. S. 1889, secs. 8049 and 8053.   (2)   Under the statutes the county court alone could order sale to be made.   The sheriff could do nothing without such order. Sec. 8057, R. S. 1889.   (3)   This order is in effect a judgment of foreclosure, and must set out the debt sufficiently to identify mortgage.   A copy of this order or judgment, delivered to the sheriff has the effect of a *fieri facias* on judgment of foreclosure, and must be proceeded with in the same manner as a special *fieri facias* on ordinary judgments of foreclosure of mortgages.   Sec. 8059, R. S. 1889; Jones v. Mock, 53 Mo. 147; Honaker v. Shough, 55 Mo. 472.   (4) Being a writ of *fieri facias* the sheriff acts thereunder in his official capacity as sheriff, and not as trustee, and all things done thereunder are not done by him under the provisions of the law relating to trustees, or of section 7101, Revised Statutes 1889.   No estate was vested in the sheriff.   Corby v. Corby, 85 Mo. 371.   (5) Acting as sheriff under an execution, and not as trustee, the fees should be same as those of sheriff in ordinary foreclosure proceedings, and taxed, col-

lected and held in same manner. (6) Under provisions of law relating to fees in Jackson county, all fees of the sheriff go to the county. The fees in the case at bar, being ordinary fees, should go to the county, and the sheriff has no right to hold them, or any part of them, either for himself or otherwise, but same should be paid over as all other sheriff's fees are paid. Sec. 10, p. 145, Laws 1891.

*Edward C. Wright* for respondent.

(1) The sale is under the power in the mortgage. Grant v. Huston, 105 Mo. 102; Snyder v. Railroad, 131 Mo. 579; Walters v. Senf, 115 Mo. 524. (2) The fees for such a sale belong to the sheriff. R. S. 1889, sec. 7101; Laws 1893, pp. 168, 170. (3) The county is a trustee, and can not act against the interests of the trust. Cole Co. v. Madden, 91 Mo. 615.

BRACE, P. J.—The plaintiff is a county having "a population of 100,000 and less than 300,000." The defendant is the sheriff of that county. In such counties the sheriff for his official services is paid a salary out of the county treasury and is required to collect, account for and pay all the fees of his office into the county treasury except "his commissions as trustee, received from acting as trustee in any deed of trust or mortgage with power of sale." [R. S. 1899, sec. 3290.]

The school law requires that whenever any moneys belonging to the public school funds shall be loaned by the county courts, the same shall be secured by bond, to the county, for the use of the fund, to which the moneys belong, with personal security, and a mortgage on real estate. [R. S. 1899, sec. 9832.] That such mortgage "shall be in the ordinary form of a conveyance in fee, shall recite the bond, and shall contain a condition that if default be made in payment

of principal or interest . . . the sheriff of the county may, upon giving twenty days' notice of the time and place of sale, by publication in some newspaper published in the county, if there be one published, and if not, by at least six written or printed handbills, put up in different public places in the county, without suit on the mortgage, proceed and sell the mortgaged premises, or any part thereof, to satisfy the principal and interest, and make an absolute conveyance thereof, in fee, to the purchaser, which shall be as effectual to all intents and purposes as if such sale was made by virtue of a judgment of a court of competent jurisdiction foreclosing the mortgage. . . . ." [R. S. 1899, sec. 9833]. That whenever the principal and interest or any part thereof secured by such mortgage "shall become due and payable, the county court may make an order to the sheriff, reciting the debt and interest to be received, and commanding him to levy the same with costs, upon the property conveyed by said mortgage, which shall be described as in said mortgage; and a copy of such order, duly certified, being delivered to the sheriff shall have the effect of a *fieri facias* on a judgment of foreclosure by the circuit court, and shall be proceeded with accordingly." [R. S. 1899, sec. 9835.]

On March 11, 1889, the county court of Jackson county loaned of the public school fund of said county to one David Waldo the sum of $24,000, to secure the payment of which on December 31, 1889, with eight per cent per annum compound interest, he duly executed his bond with two sureties and a mortgage on 200 acres of land in Jackson county, in accordance with the requirements of sections 9832 and 9833, supra, and on the 8th of November said county having first found that at that date there remained of the principal of said loan the sum of $21,000 and of the interest thereon the sum of $11,336.96, making a total of $32,336.96 long past due and unpaid, made an order of record to the sheriff of said county in accordance with the requirements of section

9835, supra, commanding him to levy the same with costs upon the property conveyed by said mortgage. Thereupon the defendant as sheriff of said county in obedience to said order,. and in accordance with the requirements of section 9835, supra, levied upon, duly advertised, sold and received for said real estate the sum of $32,532 cash in hand, and delivered to the purchaser a deed therefor, and thereupon paid over to the county treasurer for the use and benefit of the school fund the sum of $31,821.88, paid the expenses of the sale, amounting to $52.58, charged as commission on the sale $657.54, the amount fixed by statute for ordinary sales on execution, which amount he retained, and to recover this amount from him this suit is brought.

The defendant in his answer admits that he has said sum of $657.54 in his hands, claims that of it he is entitled to the sum of $197.66 for his own use, under section 4369, Revised Statutes 1899, and that the remainder thereof ($459.-88) should be paid to the county treasurer for the benefit of the school fund of said county, and offers and prays to be permitted to so pay it.

This plea the court sustained, held that the defendant was entitled in his own right to said sum of $197.66 and ordered and adjudged that he pay the sum of $459.88, less the costs of this suit, to the county treasurer for the use of the school fund of said county, and in default of such payment within five days the plaintiff have execution therefor. From this judgment the plaintiff appeals, and contends that Jackson county is entitled for the use of the general fund of the county to said sum of $657.54. The cases cited by counsel shed no light on this controversy. It is well-settled law that all statutes in reference to costs must be construed strictly and that an officer can not legally claim any remuneration unless the State has expressly conferred the right. [Shed v. Railroad, 67 Mo. 687; Gammon v. Lafayette Co., 76 Mo. 675; Williams v. Chariton County, 85 Mo. 645; Givens v.

Daviess Co., 107 Mo. 603; State ex rel. v. Wofford, 116 Mo. 220; State ex rel. v. Brown, 146 Mo. 401.] Section 4369, Revised Statutes 1899, under which defendant claims said sum of $197.60, is in chapter 52, entitled Mortgages and Deeds of Trust, and reads as follows: "As a compensation for his services, any person selling property at auction under any writing, instrument or deed made or executed for securing the payment of any debt shall receive a commission on the amount of sales not exceeding two per cent on the first one thousand dollars, and one per cent on all sums over that amount and under five thousand dollars, and one-half of one per cent on all sums over that amount."

Section 3245, Revised Statutes 1899, under which plaintiff claims, provides, that sheriffs shall be allowed "for commission for receiving and paying moneys on execution or other process, where lands . . . have been levied on, advertised and sold, three per cent on five hundred dollars, and two per cent on all sums above five hundred dollars."

In this case the defendant as sheriff, in the discharge of his official duty as such, levied on, advertised and sold the mortgaged land, on a duly certified copy of the order of the county court, which the statute declares "shall have the effect of a *fieri facias* on a judgment of foreclosure by the circuit court, and shall be proceeded with accordingly." The statute further declares that upon a judgment of foreclosure by the circuit court, "the execution to be issued shall be a special *fieri facias,* in accordance with the judgment, and shall be executed and returned as executions in ordinary civil suits" [R. S. 1899, sec. 4352]. Thus, by express statutory law, the duly certified copy of the order of the county court in the hands of the defendant as sheriff became in fact a final process, in the nature of and equivalent to an execution on a judgment of a court of general jurisdiction, and the service within the terms of section 3245, according to strict rules of construction. For this service the commission allowed him

by that section was said sum of $657.54, and this amount the plaintiff was entitled to recover for the use of the general county fund under section 3290, supra. It necessarily follows from what has been said that no part of such amount was received by the defendant "as commission for acting as trustee in a deed of trust or mortgage with power of sale" within the meaning of said section, to bring the services within the meaning of the terms of which would not only require a liberal, but a latitudinous construction of that section and of section 4369 upon which the exceptions of the former are based, and the ignoring of a statute plainly applicable to the subject. The judgment of the circuit court will therefore be reversed and the cause remanded to said court with directions to enter judgment in favor of the plaintiff for said sum of $657.54 and costs. All concur.