# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

OCTOBER TERM, 1902.

---

(*Continued from Volume 171.*)

## THE STATE ex rel. LINN COUNTY v. ADAMS et al., Appellants.

Division One, February 18, 1903.

1. **Officers:** COMPENSATION: STATUTORY RIGHT. The right to compensation for the discharge of official duties is purely a creature of statute, and the statute which is claimed to confer right thereto must be pointed out to authorize a payment by a county court to a county officer.

2. **County Clerk:** FEES AS SECRETARY BOARD OF EQUALIZATION. The county clerk is not allowed by statute fees, in addition to three dollars per day as a member, as secretary of the county board of equalization, for recording and publishing proceedings of the board, notifying parties of changes in their assessments by the board, and adjusting the assessment books in accordance with such changes and those made by the state board. Those duties are imposed upon him as county clerk.

State ex rel. v. Adams.

3. ———: ———: LIABILITY OF BONDSMEN. The liability of the
county clerk's bondsmen for fees retained by him as secretary of
the county board of equalization, which he did not return in his
statement to the court, under the belief that he was entitled to
them in addition to his statutory allowance for services as county
clerk, is in nowise affected by the fact that his account against
the county therefor was signed by him as "secretary of board of
equalization" and was allowed to him by the court as such secretary.

Appeal from Linn Circuit Court.—Hon. John P. But-
ler, Judge.

AFFIRMED.

A. W. Mullins, W. K. Amick and Harry K. West
for appellants.

(1)  The board can speak only by its record. A
record of its proceedings must, therefore, be kept. A
secretary is one who writes orders, letters, dispatches
or records. He is a clerk and the secretary of a county
board is its clerk. He is that officer whose duty it is
to record its proceedings. He it is who performs the
manual act of adjusting the tax books in accordance
with the orders of the board. True, the secretary of
the board and the clerk of the county court are the
same person, but these things are done in the capacity
of secretary of the board and not as county clerk. We
insist that this is the only reasonable construction that
can be placed upon these statutes. To hold that these
statutes mean that the county clerk as county clerk shall
perform these duties is to hold that the  county clerk
is made secretary of the county board with no vote and
with no duties to perform.  It can not be seriously con-
tended that the lawmakers meant to create the office of
secretary of the county board, depriving him of the
right to vote as a member of that body, and then pro-
vide that the county clerk as county clerk should per-
form all the duties which a secretary of that board
would ordinarily be expected to perform. This con-
struction would make the secretary a mere supernum-

erary and would render that part of these statutes ridiculous. Section 9133 means that the county clerk as secretary of the board shall keep an accurate record of the proceedings and orders of the board and the clerk, as secretary of the board, shall adjust the tax books according to the orders of said board and of the state board of equalization. By giving this construction to these sections the whole scheme for the equalization of assessments is harmonious, while the construction contended for by respondents would render it illogical, incongruous and absurd. It would require the county clerk as clerk of the county court to perform the manual duty of adjusting the assessments when the court of which he is clerk, as a court, has absolutely no authority over the assessments. It is a settled rule that the courts will always resolve an ambiguity so as to give a reasonable and sensible effect to the law rather than an unreasonable and nonsensical one. By the agreed statement of facts it is agreed that all the services rendered by Adams were performed by him; that such services were required and ordered by the county board; and that the amount charged does not exceed $3 per day for the days actually put in in the performance of the service. We, therefore, insist that under the law and the agreed statement of facts, defendant Adams was entitled to all the money that was paid to him. R. S. 1899, secs. 9130, 9131 and 9133; State ex rel. v. Walker, 97 Mo. 162; State ex rel. v. Seibert, 103 Mo. 401. (2) Conceding, for the purpose of this case, that defendant Adams was not entitled to be paid the money which he was paid as secretary of the county board of equalization, plaintiff can not recover and the judgment of the lower court must be reversed. This is a suit upon the official bond of defendant Adams as clerk of the county court. The conditions of that bond are that defendant Adams ''shall faithfully perform the duties of his office, and pay over all moneys which may come to his hand by virtue of his office.'' The agreed statement of facts shows that the money here sued for was allowed and paid to defendant Adams for services ren-

dered as secretary of the county board of equalization. Whether paid to him rightfully or wrongfully, it was paid to him in payment of his account for services as such secretary, and was not received by him by virtue of his office as county clerk. The money here sued for having been received by Adams as secretary of the county board of equalization he is not liable for it in a suit upon his bond as county clerk. Neither are the securities on his bond, as county clerk, liable for it in any suit. If defendant Adams, as secretary of the county board of equalization, has received any money to which he was not entitled, it must be recovered, if recovered at all, by suit against him for money had and received and not by suit upon his official bond as county clerk. And the securities on his bond as county clerk are no more liable for money so received than if the money had been paid to him in his individual capacity. State ex rel. v. Moellen, 48 Mo. 331; St. Louis v. Sickles, 52 Mo. 122.

*E. B. Fields* and *Thomas P. Burns* for respondent.

Defendant Adams was required to enter the orders and record the proceedings of the county board of equalization, and adjust the tax books according to the orders of said board, as county clerk, and not as secretary of the board of equalization. Secs. 9130, 9133 and 9381, R. S. 1899. The compensation allowed by law to said Adams for services rendered as secretary of the county board of equalization is three dollars per day for the time said board was actually in session. Sec. 9136, R. S. 1899. The compensation allowed by law to said Adams, as county clerk, for entering the orders and recording the proceedings of said board of equalization, and for adjusting the tax books, according to the orders of said board, is ten cents per hundred words and figures. Sec. 3239, R. S. 1899. The secretary of the county board of equalization is entitled to compensation as such secretary for the time only that the board was actually in session, and then at the rate of three dollars per day. Sec. 9136, R. S. 1899; State

ex rel. v. Walker, 97 Mo. 162; State ex rel. v. Seibert, 103 Mo. 401. The fees here sued for were received by defendant Adams as county clerk for services rendered by him as county clerk and his official bondsmen are liable to the county for such fees retained by him in excess of $3,750 for the year 1899. Secs. 9130, 9131, 9132, 9133, 9134 and 9381, R. S. 1899; St. Louis v. Sickles, 52 Mo. 122.

BRACE, P. J.—This is a suit by Linn county against George W. Adams, clerk of the county court of said county, and the sureties on his official bond, to recover the sum of $167.32 which it is alleged he received as fees of his office in excess of the amount which he is, by law, allowed to retain, and which he refuses to account for. The judgment was for the plaintiff, and the defendants appeal.

The determination of the questions raised in the case depends upon the construction of the following provisions of the Revenue Act, Revised Statutes 1899, chapter 149:

"Sec. 9130. There shall be in each county in this State, except the city of St. Louis, a county board of equalization, which board shall consist of the county clerk, who shall be secretary of the same, but have no vote, the county surveyor, the judges of the county court, and the county assessor, which board shall meet at the office of the county clerk on the first Monday in April of each year. . . .

"Sec. 9131. Said board shall have power to hear complaints and to equalize the valuation and assessments upon all real and personal property within the county which is made taxable by law, and, having each taken an oath to be administered by the clerk, fairly and impartially to equalize the valuation of all the taxable property in such county, shall immediately proceed to equalize the valuation and assessment of all such property, both real and personal, within their counties respectively, so that each tract of land shall be entered on the tax book at its true value. . . .

"Sec. 9133. The said board shall hear and determine all appeals made from the valuation of property made by the assessor in a summary way, and shall correct and adjust the assessment accordingly. The county clerk shall keep an accurate record of the proceedings and orders of the board, and the assessor shall correct all erroneous assessments, and the clerk shall adjust the tax book according to the orders of said board, and the orders of the state board of equalization. . . .

"Sec. 9135. In case the report from the state board of equalization be not received at or during the session of said county board, then it shall be the duty of the county clerk to adjust the tax books according to such report when received.

"Sec. 9136. The members of the county board of equalization shall receive the sum of three dollars per day for each day they shall act as such board.

"Sec. 9381. The county clerk shall be allowed fees at the same rate for making out the railroad tax book as he may receive for like services in making out tax books under the general revenue law of the State."

These provisions are to be considered in connection with section 3239, Revised Statutes 1899, which prescribes the fees allowed county clerks for their services.

At the session of the Linn county board of equalization in April, 1899, the said George W. Adams was present and discharged the duties imposed upon him by the foregoing statutory provisions. The board was in session four days. Afterwards at the May term of the county court and on May 2, 1899, he presented to said court the following account:

"Linn county to George W. Adams, debtor, four days services, secretary of the board of equalization, $12; publishing proceedings of the board of equalization, $10.50; notifying banks et al. of action of board of equalization, $2.50; recording proceedings of board of equalization, $56.70; adjusting assessment books, 137,894 words and figures, total $219.60. I, George

W. Adams, do hereby certify the above account to be correct; and no part thereof paid.

"GEORGE W. ADAMS,
"Secretary County Board of Equalization."

Which was allowed by said court, a warrant ordered therefor, and duly paid.

For the year 1899 the said Adams received as county-clerk the sum of $3,697.73, not including said sum of $219.60 so paid him as aforesaid. Including that sum he received $3,917.33. Of his receipts he was entitled to retain the sum of $3,750 as salary and deputy hire for that year. So that including that sum, he received $167.33 more than he was entitled to retain as county clerk, and excluding it, received less than he was entitled to retain. And the question is: was he entitled to said sum of $219.60 as county clerk, or was he entitled to it as a member or secretary of the board of equalization? The circuit court in effect held that he was entitled to only twelve dollars thereof, as a member of the board of equalization, and to the remainder as clerk of the county court, and rendered judgment in favor of the plaintiff for $155.32. From this judgment the defendants appeal, and their counsel contend that he was entitled to all of said money as compensation for his services as secretary of the board of equalization.

(1) In order to maintain this proposition some statute must be pointed out which expressly or by necessary implication provides such compensation for such officer. For it is well settled law, that a right to compensation for the discharge of official duties, is purely a creature of statute, and that the statute which is claimed to confer such right must be strictly construed. [Jackson County v. Stone, 168 Mo. 577; State ex rel. v. Walbridge, 153 Mo. 194; State ex rel. v. Brown, 146 Mo. 401; State ex rel. v. Wofford, 116 Mo. 220; Givens v. Daviess Co., 107 Mo. 603; Gammon v. Lafayette Co., 76 Mo. 675.]

A mere application of these principles to the statute

determines the question in hand.    No provision is therein to be found giving any compensation to the secretary of the board of equalization.  The county clerk is by the statute made *ex officio* a member of the board, and its secretary, but no clerical duties are imposed upon him, and no provision made for compensation for any clerical duties to be performed by him. As a member of the board he is allowed $3 per day while acting as such member, and no longer, and so the circuit court correctly ruled and allowed him $12, or three dollars per day as a member of the board for the whole time he could have acted as such member.

The clerical duties required to be performed in connection with the action of the board, for which Adams also received pay from the county in addition to said sum of twelve dollars, were imposed upon him not as a member of the board, nor as secretary thereof, but as county clerk.   And in the act imposing those duties no provision is made for compensation for his services in performing them, and but for the provisions of section 3239, allowing fees for such services to him as county clerk, he would have no right to any compensation whatever therefor.   He can point to said section 3239 as authorizing the compensation to him as county clerk for the clerical services for which he charged the county; but he can point to no statute authorizing such compensation to him as secretary of the board of equalization.   Hence, the circuit court correctly held that he was entitled to such compensation as county clerk, and not as secretary of the board of equalization.   The contention of the defendant receives no support from the case of State ex rel. McGrath v. Walker, 97 Mo. 162, to which we are cited.   In that case there was a statute expressly providing a per diem compensation for the members of the state board of equalization (R. S. 1879, sec. 6669), and the only question was whether the Secretary of State, in view of the constitutional provision as to the salary of such officer, was entitled to such per diem compensation.

(2)    It is next contended that although the judg-

ment against the defendant Adams be correct, yet, the judgment against the other defendants, his sureties, is erroneous.    This contention is based on the fact that the certificate to the correctness of the account is signed by said Adams as "Secretary Board of Equalization" and the order of allowance is in the following form: "*George W. Adams account allowed.*   It is ordered by the court that George W. Adams be allowed the sum of $219.60 for services as secretary county board of equalization, and that a warrant be drawn for said sum."

There is nothing in this contention.   The obligation of the defendant sureties was that the said Adams should faithfully perform his duties as county clerk, and pay over all moneys that might come to his hands by virtue of his office.

It was his duty to perform the services imposed upon him by the statute, to collect from the county the fees allowed by law to him as such clerk for the performance of those duties, and to account for the same in his returns of fees received as required by the statute. [Secs. 3265, 3266 and 3267, R. S. 1899.]   He performed the services, collected the fees therefor, but failed to return them in his statements and failed to account for them as required by law, and in failing to do so was guilty of a breach of his duty and of his bond, for which his sureties are liable, and this liability is in no way affected by the means he may have used in collecting the money.

The judgment of the circuit court will be affirmed. All concur.