STATE of Missouri ex rel. Preston FORSEE, Relator-Respondent,

v.

Ray G. COWAN, Hunter Phillips and William J. Randall, Judges of the County Court of Jackson County, Missouri, Respondents-Appellants.

No. 44671.

Supreme Court of Missouri, Division No. 1.

Nov. 14, 1955.

Motion for Rehearing or to Transfer to Court en Banc Denied Dec. 12, 1955.

J. Marcus Kirtley, County Counselor, Independence, Louis Wagner, Asst. County Counselor, Kansas City, for appellants.

Clarence C. Chilcott, Kansas City, for respondent.

HOLLINGSWORTH, Judge.

This is an appeal by the Judges of the County Court of Jackson County, respondents in the trial court, from a peremptory writ of mandamus of the Circuit Court of that County commanding them to issue and deliver to Preston Forsee, a former justice of the peace of said county, relator in the trial court, a warrant for the sum of $16,-665.05 for salary and interest allegedly due him for acting for another justice of the peace of said county under the provisions

of Section 2562, R.S.Mo.1939, during the absence of the latter in the armed forces of the United States. The parties will be herein referred to as they were designated in the trial court.

The case was tried on an agreed statement of facts, the substance of which was:

From November 3, 1942, to November 20, 1945, both inclusive, relator was the elected, qualified and acting justice of the peace for the Fifth District, Kaw Township, Jackson County, and Harry S. Davis was the elected, qualified and, to the extent herein stated, acting justice of the peace for the Eighth District of said Township. Their respective salaries were by § 2762, R.S.Mo. 1939, fixed at $3,600 per annum, payable monthly out of the treasury of Jackson County. On November 16, 1942, Davis advised the county court by letter (which the court entered of record) that he had been ordered to report for active service in the armed forces, effective November 20, 1942; that it was his purpose to return at the end of the war emergency and continue as justice of the peace; that he was not vacating or resigning his office; requested an order granting him a leave of absence beginning November 20, 1942, until his return following release from the armed forces; and advised the court that he waived any salary during his absence, but that upon return he would expect his salary to be paid him for the remainder of his term.

On November 19, 1942, Davis entered on his docket an order reciting: "On this date, November 19, 1942, I request and have requested Justice Preston Forsee to act for me in the 8th District Justice Court of Kaw Township, Jackson County, Missouri. This request is occasioned and necessary because I have been ordered to report for active duty in the United States Marine Corps on November 20, 1942. Justice Forsee has consented to act for me during my absence or until my return from military service. This docket entry is made in compliance with Section 2562, R.S.Mo.1939. The Jackson County Court on November 16, 1942, officially made it a matter of record, granting me a leave of absence."

Beginning November 20, 1942, and continuing until November 5, 1945, relator assumed and duly and legally performed all of the duties of Davis as justice of the peace.

It was also agreed that a public necessity existed for a justice of the peace to serve and act within the Eighth District; that the predecessors of respondents knew that relator discharged all of the duties as such justice of the peace and had notice that relator would and did demand payment therefor; that the budget director of Jackson County set up in his budget a sum sufficient to pay relator for services performed by him, as justice of the peace of the Eighth District; that there were then on hand sufficient funds to meet such obligation, but that no appropriation was ever made by the County Court to pay relator; that neither relator nor Harry S. Davis has received any compensation for services rendered by relator for said Eighth District; that a demand was made upon the county court for such compensation, but the court has failed and refused to pay same; that the amount of compensation and interest accrued to relator (if the county is liable therefor) was $16,101.50 on the date of the stipulation (the peremptory writ fixes this sum at $16,665.05); that during the time relator was acting as justice of the peace for the 8th District, the predecessors of respondents maintained the courtroom in which relator acted as such justice and paid the salaries of the court officers and employees and other expenses incident to the operation thereof in the total sums of $6,248 for the year 1943, $6,333 for the year 1944 and $6,683 for the year 1945.

On adoption of the 1945 Constitution, the offices of all justices of the peace were, by Article V of the Constitution and Section 4 of the Schedule, V.A.M.S., extinguished effective at the end of their respective terms of office; and in 1945 the statutes defining their former jurisdiction, rights and duties were formally repealed. Hence, we are relegated to the Revised Statutes of 1939 for citation of the statutes pertinent to the issues here presented.

Section *2767* provided: "The justices elected under the provisions of the preceding sections shall keep their offices and hold their courts within the districts for which they were respectively elected, which shall be designated in the commission; and such justices so elected or appointed shall exercise the powers and perform the duties throughout their townships prescribed by law in relation to the other justices of the peace; * * *."

Section 2562 provided: "In all townships which have or may hereafter have two or more justices of the peace, any justice of the peace in said township may act for any other justice of the peace in said township whenever any of said justices of the peace in said township are unable to act or dispose of the business pending before them from any cause or for any reason: Provided, it shall be necessary for the incapacitated justice to enter in his docket a request for the other justice to act before such other justice shall take jurisdiction."

The theory advanced by relator as the basis upon which the peremptory writ of mandamus was issued and should be by this court affirmed is that when relator began to act and thereafter did act for Davis under authority of § 2562 he became at least the de facto justice of the peace of the 8th District; that there is no constitutional, common law or statutory inhibition against holding two separate and distinct compatible offices; and that a person who holds two such offices at the same time is entitled to the compensation attached to each.

It is true, as relator contends, this court has said that in this State "a special judge is a judge de facto". State ex rel. McGaughey v. Grayston, 349 Mo. 700, 163 S.W.2d 335, 337; Brinkerhoff-Faris Trust & Savings Co. v. Gaskill, 356 Mo. 61, 201 S.W.2d 274, 276 [6]. We have no quarrel with those cases. There is no question here, as there was in those cases, as to the legality of judicial acts performed by a special judge. See Mansur v. Morris, 355 Mo. 424, 196 S.W.2d 287, 295 [13, 14]. In this case, it is admitted that relator was lawfully appointed to and did *act for* Davis during Davis' absence as provided in Section 2562. It is immaterial whether he served de jure or de facto.

But we must disagree with relator's further contention which, in effect, is that relator *succeeded* Davis as justice of the peace of the 8th District during the absence of the latter. Davis' induction into the armed forces did not create a vacancy in his office. Neither did his enforced absence during such service, nor his inability personally to perform the duties of his office during his absence constitute abandonment or work a forfeiture of his office. State ex inf. McKittrick v. Wilson, 350 Mo. 486, 166 S.W.2d 499, 143 A.L.R. 1465; Mansur v. Morris, 355 Mo. 424, 196 S.W. 2d 287, 294 [12]. Section 2562 did not, directly or inferentially, authorize Davis to name, appoint or commission relator as a justice of the peace of the 8th or any other district. The sole authority given to Davis by § 2562 was to request relator to "act for" him and the sole authority vested in relator, upon assuming to so act, was to "act for" Davis. There can be no question, we think, that at all times herein pertinent Davis continued to be the justice of the peace of the 8th District. Consequently, it must be held that relator was only a substitute for Davis, with the powers of a special justice to "act for" him.

Was relator entitled to compensation for the services performed by him while acting for Davis in the capacity of a substitute with the powers of a special justice? The question presents two different aspects: first, whether the offices held by relator, to wit: (a) a justice of the peace of the 5th District and (b) as a nominee of Davis vested with the power to *act for* Davis in the capacity of a special justice, were separate and distinct compatible offices, each with a fixed compensation; and, second, whether the services rendered by relator were additional services rendered by him in connection with and germane to his duties as justice of the peace of the 5th District.

In support of his contention that the two offices held by relator were separate and distinct, but compatible, and that relator was entitled to receive the compensation fixed for both his office and that of Davis, relator cites State ex rel. Zevely v. Hackmann, 300 Mo. 59, 254 S.W. 53; Bruce v. City of St. Louis, Mo.App., 217 S.W.2d 744; Coleman v. Kansas City, 351 Mo. 254, 173 S.W.2d 572; State ex rel. Koehler v. Bulger, 289 Mo. 441, 233 S.W. 486; United States v. Saunders, 120 U.S. 126, 7 S.Ct. 467, 30 L.Ed. 594. All are readily distinguishable. In those cases, the person whose compensation was under consideration legally held two compatible offices for each of which compensation was fixed by express enactment. In this case, as we have above decided, relator was not the justice of the peace of the 8th District; Davis continued to hold that office. Relator's office in the 8th District was that of a special or substitute justice acting for Davis during Davis' absence in armed service, *for which latter office* (that of a special justice) *no statutory compensation is provided.*

The law in Missouri is well established "that the right of a public officer to be compensated by salary or fees for the performance of duties imposed on him by law does not rest upon any theory of contract, express or implied, but is purely a creature of the statute. Gammon v. Lafayette County, 76 Mo. 675; State ex rel. Evans v. Gordon, 245 Mo. 12, 149 S.W. 638; Sanderson v. Pike County, 195 Mo. 598, 93 S.W. 942; Jackson County v. Stone, 168 Mo. 577, 68 S.W. 926; State ex rel. Troll v. Brown, 146 Mo. 401, 47 S.W. 504; Bates v. City of St. Louis, 153 Mo. 18, 54 S.W. 439, 77 Am.St.Rep. 701; Williams v. Chariton County, 85 Mo. 645. * * *" Maxwell v. Andrew County, 347 Mo. 156, 146 S.W.2d 621, 625. "'In so far as concerns compensation for services, there is a very imperfect analogy between services rendered by a public officer and those rendered by one individual to another in a private capacity. The law implies in the latter case a promise to pay as much money as the services are reasonably worth, whereas the compensation for services of a public officer is in most cases fixed by positive law. If the fixed compensation is more than the service is worth, the public or party must pay it; if less, the officer must be content with it.' 43 Am.Jur., sec. 362, p. 150." Alexander v. Stoddard County, Mo.Sup., 210 S.W.2d 107, 109. See also State ex rel. Harrison v. Patterson, 152 Mo.App. 264, 132 S.W. 1183.

By virtue of the principles of law above documented, we must hold that relator was not entitled to compensation as a special judge acting for Davis, even though such services constituted him a public officer holding an office separate and distinct from that of justice of the peace of the 5th District.

But the statutes above quoted, §§ 2767 and 2562, well may be considered as placing a duty upon relator as the justice of the peace of the 5th District, to act for Davis as a special justice under the circumstances shown in this case. Note that § 2767 requires each justice of the peace in the township (1) to maintain an office and hold court in his district and (2) to perform his duties *throughout the township in relation to the other justices of the peace.* When this provision is read in connection with § 2562, empowering relator to act for Davis upon the latter's request, it carries with it a clear implication of relator's duty to comply with such request if compatible with performance of his own duties. At least, the performance by relator of the duties of a special justice at the request of Davis would be germane to relator's duties as one of the justices of the township.

Now, the law is also clear that "[e]ven in the absence of statutory prohibition and even though the work or services consist of 'extra services,' if they are in point of fact a part of or germane to the official duties of his office, the officer's employment, for obvious reasons, is against public policy and he is not entitled to compensation for performing the services. Annotations 84 A.L.R. 936; 159 A.L.R. 606." Polk Tp., Sullivan County v. Spencer, Mo.Sup., 259 S.W.2d 804, 805. See also Tyrrell v. Mayor, etc., of City of New York, 159 N.Y.

239, 53 N.E. 1111, 1112; 43 Am.Jur., "Public Officers", § 363, p. 151.

We must, therefore, further hold that relator is not entitled to compensation under any theory of "additional services".

The judgment is reversed and the cause remanded with directions that the writ be quashed with prejudice to and at the cost of relator.

All concur.