**Robert RIEPE, Respondent,**

v.

**CITY OF INDEPENDENCE,**
**Missouri, Appellant.**

**No. KCD 26657.**

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Richard G. Carlisle, James L. Gillham, Asst. City Counselors, Independence, for appellant.

Jack C. Terry, Independence, Leland W. Negaard, Eminence, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The plaintiff Riepe seeks to recover money compensation for an accrual of overtime while in the employ of the defendant City of Independence. The issues were tried to the court, a judgment found for the plaintiff, and the defendant City appeals.

The controversy arises upon this basis of fact:

The defendant City of Independence is governed by a constitutional charter which provides for the adoption of personnel rules. At a regular meeting the City Council adopted Personnel Policies and Procedures; these rules provide for payment of overtime to specified employees.

The plaintiff Riepe was employed by the City as Accountant II in pay range 30 at a salary of $700 per month and continued in that employment until his resignation at which time he enjoyed the same job classification at a salary of $851 per month. The plaintiff, who was classified with department and division heads, was subject to the Personnel Policies and Procedures which provided [Section IV(4G)] compensatory time for overtime worked by such employees as authorized at the discretion of the appointing authority.

The plaintiff was an assiduous and satisfactory worker and by the time he separated from the City, had accumulated 318 hours in uncompensated overtime, as evidenced by a compensatory time record endorsed with the approval of the department head. It was the testimony of the Director of Finance that compensatory time was given as free time during normal working hours but in a manner so not to discommode the regular business function of the office.

The plaintiff decided to resign and hand-delivered his letter to both the Director of Finance [his department head] and to the Personnel Director wherein he gave notice of his impending departure and of his claim for the money equivalent of 318 hours in compensatory time.[1]

The pay plan for employees of the City of Independence is delineated in Section IV of the Personnel Policies and Procedures. Paragraph 4C of the pay plan provides:

*TOTAL REMUNERATION: Any salary rate established for an employee shall be the total remuneration for the employee,* not including reimbursement for official travel and contractual services, *except that upon approval by the City Council, as otherwise provided in these rules or City ordinances, an employee may receive pay from the City, in addition to the salary authorized by the pay plan, for services assigned him which require specific duties beyond the normal responsibilities of his position.* . . . (Emphasis added.)

Paragraph 4G of the pay plan provides:

*PAY FOR OVERTIME WORK:* Overtime for office employees up to three hours worked on a regular work day will be recognized by compensatory time off. *Overtime worked by office employees*

1. Among the contentions of the appellant City which we do not reach are (1) that the compensatory time record merely keeps account of the accrual of overtime but not the approval of the department head to allow it, and (2) that plaintiff has no standing in the courts because he failed to exhaust his administrative remedy under the Personnel Policies and Procedures adopted by the City of Independence.

*above three hours on a regular work day, and all overtime worked on days other than regular work days, shall be compensated for at time and one-half overtime pay rate.* Overtime less than three hours daily, worked by office employees above regular work day schedules, and in excess of six hours per bi-weekly work period, may be compensated for by overtime pay, at the discretion of the Department Head.

Overtime worked by all field employees shall be paid for at a time and one-half overtime pay rate.

Department heads, division heads designated by the City Manager, and *employees in pay range 25 or above shall not receive overtime pay;* but may, at the discretion of the appointing authority, receive compensatory time for time worked above normal work schedules.

Employees may request to receive compensatory time, in lieu of any authorized overtime pay. (Emphasis added.)

The terms of Section IV(4G) expressly prohibit money compensation to an employee in the pay range enjoyed by the plaintiff. The judgment of the trial court which allowed the plaintiff money compensation for overtime, notwithstanding, rests on a finding that to deny such compensation would be to force a forfeiture of a right already earned.

It is the universal rule, however, that a municipal employee may not recover compensation for work done outside his regular hours of employment or for work done outside the scope of his regular duties unless the municipality agreed to make compensation or unless authorized by a charter or statute. 62 C.J.S. Municipal Corporations § 720b. A corollary to this rule denies payment of money in lieu of compensatory time off given for extra hours worked, unless by legislative enactment or other proper authority. McQuillan, Municipal Corporations, § 12.194a.

These general principles are given implicit expression in the decision of our courts, although a precise precedent does not appear. Thus, in *Coleman v. Kansas City,* 348 Mo. 916, 156 S.W.2d 644 (1941), city employees who had been paid by Kansas City for extra services were required to restore that compensation because an ordinance expressly prohibited payment for such services. And, in *Vestal v. City of St. Joseph,* 413 S.W.2d 537 (Mo.App.1967), the recovery of salary by the airport manager from the City for services concurrently performed as personnel director was disallowed because the Municipal Code not only made no provision for such payment, but specifically prohibited such payment. In *State ex rel. Forsee v. Cowan,* 284 S.W.2d 478 (Mo.1955), the plaintiff a justice of the peace in his own right, sought recovery for salary while acting for another justice of the peace who was in the military. The court denied relief [l.c. 481]:

The law in Missouri is well established "that the right of a public officer to be compensated by salary or fees for the performance of duties imposed on him by law does not rest upon any theory of contract, express or implied, but is purely a creature of statute. . . ." In so far as concerns compensation for services, there is a very imperfect analogy between services rendered by a public officer and those rendered by one individual to another in a private capacity. The law implies in the latter case a promise to pay as much money as the services are reasonably worth, whereas the compensation for services of a public officer is in most cases fixed by positive law. If the fixed compensation is more than the service is worth, the public or party must pay for it; if less, the officer must be content with it."

The reasoning of *Coleman, Vestal* and *Forsee, supra,* but in circumstances more approximate to those presented on this appeal, is found in a number of foreign deci-

sions. *Grossman v. City of New York,* 71 Misc.2d 234, 335 N.Y.S.2d 890 (1972) posed the precise issue raised by this appeal: whether in the absence of statute or other valid authority, a city employee who voluntarily left employment was entitled to money in lieu of compensatory time for overtime. In language consistent with the rationale of the Missouri decisions, the court denied recovery [l.c. 893]:

> [T]he breaking of the relationship of employer and employee by the employee's separation from service results in the loss of the right to compensatory time achieved by credited overtime; the monetary equivalent of such compensatory time cannot be obtained except under proper authority, statutory or otherwise.

In *Markman v. County of Los Angeles,* 35 Cal.App.3d 132, 110 Cal.Rptr. 610 (1974), the claim of a deputy sheriff for cash compensation for overtime for which he had been unable to take equivalent free time was denied where the ordinance allowed money compensation only if authorized by the chief administrative officer, who in this case had withheld his approval. The court followed the general rule [l.c. 611] that:

> The terms and conditions relating to employment by a public agency are strictly controlled by statute or ordinance, rather than by ordinary contractual standards; and one who accepts such employment, thereby benefiting in ways denied an employee of a private employer, must in turn relinquish certain rights which are enjoyed by private employees . . . one such disability being that the public employee is entitled only to such compensation as is expressly provided by statute or ordinance regardless of the extent of services actually rendered.

In *Campbell v. City of Troy,* 42 Mich.App. 534, 202 N.W.2d 547 (1972), an action by a retired city employee for money payment for accumulated compensatory time was denied because [l.c. 549] "these ordinances and regulations do not provide for the payment of the moneys claimed". Accord: *Schoonover v. City of Viroqua,* 244 Wis. 615, 12 N.W.2d 912 (1944); *State ex rel. Beck v. Carter,* 2 Wash.App. 974, 471 P.2d 127 (1970).

 The plaintiff is conclusively barred from money compensation for overtime worked by the provisions of Section IV(4G) which prohibit overtime pay to employees in pay range 25 or above. The trial court was ill-advised to apply principles of ordinary contract law to a condition of public employment governed by legislative enactment.

The judgment is reversed.

All concur.