STATE of Missouri ex rel. YEN PEN CHOU, Relator-Appellant,

v.

Raymond T. PERCICH, Comptroller of the City of St. Louis, Respondent.

No. 40559.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1979.

Benjamin Roth, St. Louis, for relator-appellant.

Joseph R. Niemann, Asst. City Counselor, St. Louis, for respondent.

CRIST, Judge.

Appeal from order of the Circuit Court quashing its Alternative Writ of Mandamus.

Relator was employed as a physician at Koch Hospital by the City of St. Louis during the 1977 fiscal year at a bi-weekly salary of $961.53. In addition, Relator received additional sums of money for "overtime" hours he worked in addition to the 80-hour bi-weekly time period which formed the basis for the $961.53 figure.

Relator was paid for his services to the city as a physician amounts totalling $35,-889.07 up to but not including the final bi-weekly period for such fiscal year, which sum was payment for regular and overtime hours. The city comptroller refused to authorize payment for either the regular or overtime hours Relator claims was due for the final pay period.

Relator claims the city owes him $1,394.22 gross salary less payroll deductions of $796.47, or a net sum of $597.75. Respondent comptroller says that the Relator had already been paid too much by reason of a $25,000 annual salary limitation imposed by the Charter of the City of St. Louis. We agree.

Article VIII, Section 8 provides:

"*Payment of salaries; maximum established additional compensation or employment*; interest in city contracts; political activity.—All salaries shall be paid at least monthly. Salaries fixed in this charter at a certain sum shall be construed to mean not less than such sum, *but no salary under the city shall exceed twenty-five thousand dollars ($25,000) per annum, nor shall any officer or employe receive any additional compensation for serving in any other capacity under the city while in such office or employment*; nor hold any office or employment under the state or United States except in the militia or as notary public, nor have a personal interest, directly or indirectly, in a contract with the city; and no elective officer shall be a member of the general city committee of any political party. Any person guilty of any wilful violation of this section shall thereby forfeit his office or employment." [Emphasis added].

In the title of the Article the words "Payment of salaries; maximum established; additional compensation or employment; interest in city contracts; political activity" evince a certain and definite intention of the framers of the Charter concerning the amount an employee might legally earn in city employment. This intention is buttressed by the plain language of the provisions, viz: "but no salary under the city shall exceed twenty-five thousand dollars ($25,000) per annum, nor shall any officer or employe receive any additional compen-

sation for serving in any other capacity under the city while in such office or employment. . . ."

The framers intended not only that an employee shall not receive more than $25,-000 per year in any one office or position, but prohibited dual employment with the city. The language of said Article manifestly evinces an intent that no employee of the city shall receive as compensation for his services under the city an amount more than $25,000 per year. This is exemplified by the fact that he may not be interested, either directly or indirectly, in a contract with the city. When one decides to become employed by the city, he or she has an immediate built-in salary limitation of $25,-000. See *Coleman v. Kansas City*, 348 Mo. 916, 156 S.W.2d 644, 649 (Mo.1941); *State ex rel. Forsee v. Cowan*, 284 S.W.2d 478, 481 (Mo.1955); and *Riepe v. City of Independence*, 525 S.W.2d 622 (Mo.App.1975).

This Court recognizes that the monetary limitation is totally unrealistic and abysmally low. We cannot, however, under the guise of judicial construction, thwart the will of the citizens of St. Louis.

The judgment of the trial court is affirmed.

REINHARD, P. J., and GUNN, J., concur.