## LEATHERWOOD v. SNIDER.
### No. 1261.

Court of Civil Appeals of Texas. Eastland.

May 4, 1934.

Rehearing Denied June 1, 1934.

J. B. Keith and E. T. Chandler, both of Stephenville, for appellant.

Oxford & McMillan and J. A. Johnson, all of Stephenville, for appellee.

LESLIE, Justice.

This is the second appeal of this case. The opinion of this court on the first appeal is to be found in 49 S.W.(2d) 1107, 1110. On that appeal the appellee made application for writ of error to the Supreme Court, but the same was dismissed. When the cause came on for trial the last time in the district court, the trial judge sustained a general demurrer to the plaintiff's petition, which had in no way been amended. In other words, the pleading now before us is the same as on the first appeal. After the demurrer was sustained the plaintiff refused to amend, and the court dismissed the case. Hence, the appellant Leatherwood prosecutes this appeal, assigning error to the foregoing rulings and orders of the trial court.

This suit is based upon an alleged libel. The facts of the case as they appear from the petition were fully set forth in the original opinion of this court, and it is unnecessary to detail them in this opinion. The legal effect of the facts as there and now alleged was given careful consideration on the former appeal, and we reached the conclusion that the petition failed to present a cause of action, and reversed the judgment of the trial court holding to the contrary.

On the libel phase of this case, we are cited to no new authorities, nor authorities we did not then consider, except the case of Moore v. Leverett, 52 S.W.(2d) 252, in which the opinion by the Commission of Appeals was rendered July 19, 1932. On that same day application for writ of error was dismissed in this case. In appellant's brief it is urged that the opinion in the Moore-Leverett Case is "specially" relied on for reversal of the judgment of the trial court on this appeal. In the disposition of the former appeal, we had occasion to consider the facts and pleadings in the Moore Case as the same were presented by the opinion of the Court of Civil Appeals in 33 S.W.(2d) 838. We have again given attention to that case in the light of the opinion of the Commission of Appeals therein to be found in 52 S.W.(2d) 252. We have failed to find any principle or rule of law announced in that opinion and applicable to the facts of this case that would lead to a conclusion different to that reached by this court on the former appeal. The allegations in that case, as well as the testimony, so clearly and unequivocally presented in theory, at least, a libel case that the Commission's opinion therein does not give any special aid in the disposition of this appeal, or in the analysis of the petition in this case. As we read the opinion in the Moore-Leverett Case it confirms the correctness of our former opinion. After again reviewing the pleadings in this case and the authorities relied upon by this court in its former opinion, we find ourselves entertaining the same opinion as to the insufficiency of the plaintiff's pleadings to charge the essential elements of libel.

In the last part of the appellant's brief it is suggested on this appeal that if the matters alleged in the plaintiff's petition failed to set forth a cause of action based on the libel statute, nevertheless the same were sufficient to present "an action on the case" and the petition was, therefore, not subject to a general demurrer. Supporting this contention we are cited to the case of Houston Chronicle Pub. Co. v. Martin (Tex. Civ. App.) 5 S.W.(2d) 170. We do not think this authority sustains the contention here made. That was a case in which damages were sought to be recovered by reason of slander of property, as contradistinguished from slander of title to property. 27 Tex. Jur. 787, § 103 et seq. There the plaintiff owned the property,

the market value of which was diminished by false and disparaging statements. In the instant case, the plaintiff held neither the office, nor the nomination to the same, at the time the alleged injurious statements were uttered. If the plaintiff has a cause of action at all, it falls under the law of libel. It does not fall within the class of litigation denominated "slander of title," or "slander of property."

This court still entertains the same views on the merits of this litigation as expressed in the former opinion, and we think that they were broad enough to cover any contention now presented on this appeal. The nature and extent of our views could hardly have escaped the attention of the Supreme Court in dismissing the application for a writ of error. In the last sentence of that part of our opinion devoted to a discussion of the sufficiency of plaintiff's pleadings to present a cause of action this language was used: "We have concluded that, as a matter of law, the letter, with all reasonable implications thereof or inferences to be drawn therefrom, was neither defamatory nor tended to injure or impeach the reputation of the plaintiff, and that therefore, however productive of injury to plaintiff's feelings or finances, constituted no actionable libel."

It follows that under the original holding of this court, and in view of the disposition the Supreme Court made of the appellee's petition for writ of error, the trial court in sustaining the demurrer had a right to assume that the former opinion constituted the law of the case as against any contention now made that the trial court's last ruling was erroneous.

For the reasons assigned, the judgment of the trial court is affirmed.