Michael W. Bradley Carroll County Prosecuting Attorney Carroll County Courthouse Carrollton, Missouri 64633
Dear Mr. Bradley:
This opinion letter is in response to your question asking:
 Is a treasurer ex officio collector in a county of the third class entitled to compensation in excess of the schedule set out in section 54.320, RSMo Supp. 1990, when said treasurer may have been entitled to compensation in excess of the limit as set out in section 54.320, RSMo 1986, but did not receive an amount in excess of the limit for the period beginning March 1, 1987, and ending February 29, 1988, because the treasurer paid the excess amount into the General Revenue Fund?
In the statement of facts accompanying your question, you state:
 For the year ending February 29, [1988], the total amount of taxes levied exceeded four million dollars. The Treasurer Ex Officio Collector did not realize this and paid the amount of fees in excess of the $10,000 limit, set out in section 54.320, RSMo 1986, to the county General Revenue Fund.
 After the State Auditor's report, . . . it was discovered that the four million dollar limit was exceeded.
 At that point discussions began concerning the possibility of back pay being owed and that the amount of current pay being greater than the schedule set out in section 54.320, RSMo Supp. 1990.
 The treasurer has only received the $10,000 amount for the year ending February 29, 1988 and has received the salary as set out in the schedule in section 54.320, RSMo Supp. 1990, since that date.
Answering your question requires examination of Section54.320, RSMo 1986, and subsequent changes in such section. Section 54.320, RSMo 1986, was the law regarding compensation of the treasurer ex officio collector until January 1, 1988. Section 54.320, RSMo 1986, provided in pertinent part:
 54.320. County treasurer compensation, limit on (township organization counties). — The county treasurer in counties of the third and fourth classes adopting township organizations shall be allowed a salary of not less than one hundred dollars per month by the county commission to be paid as at present provided by law; the ex officio collector shall be allowed a commission of three percent on all licenses, and all taxes, including current taxes, back taxes, and delinquent taxes, collected by him, to be deducted from the taxes collected; and additionally, the ex officio collector shall be allowed a commission of two percent on all back taxes and all delinquent taxes collected by him, which shall be taxed as costs against the persons or entities owing such taxes and collected as other taxes; . . . . Other provisions of law to the contrary notwithstanding, the total compensation of ex officio collectors shall not exceed the sum of ten thousand dollars annually; . . . except that, the maximum compensation herein provided shall not be applicable to ex officio collectors in counties wherein the total amount levied for any one year exceeds four million dollars. . . . All fees or commissions received by the ex officio collector in excess of the maximum amounts provided herein to be retained as compensation shall be paid into the county treasury. [Emphasis added.]
Section 54.320, RSMo 1986, was amended effective January 1, 1988, by Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231, 84th General Assembly, First Regular Session (1987) (hereinafter referred to as "Senate Bill No. 65"). Section 54.320, as enacted by Senate Bill No. 65, provided in pertinent part:
 54.320. Treasurer, ex officio collector, compensation — commissions — deputies and assistants, compensation — fees (township counties). — 1. The county treasurer ex officio collector in counties of the third and fourth classes adopting township organizations shall receive an annual salary computed on an assessed valuation basis as set forth in the following schedule. Except as provided in section 7 of this act, the amount provided by this section shall be the total compensation for all services performed by such treasurer ex officio collector. The assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation. The provisions of this section shall not permit or require a reduction in the amount of compensation received by any person holding the office of treasurer ex officio collector on the effective date of this section. [Emphasis added.]
* * *
Section 54.320, as enacted by Senate Bill No. 65, was amended effective May 13, 1988, by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988) (hereinafter referred to as "Senate Bill No. 431").
Section 54.320, as enacted by Senate Bill No. 431, provided in pertinent part:
 54.320. Treasurer, ex officio collector, compensation — commissions — deputies and assistants, compensation — training program, attendance required, expenses, compensation (township counties). — 1. The county treasurer ex officio collector in counties of the third and fourth classes adopting township organizations shall receive an annual salary as set forth in the following schedule. The population factor shall be as disclosed by the last preceding federal decennial census and the assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation. A county treasurer ex officio collector subject to the provisions of this section shall not, except upon two-thirds vote of all the members of the salary commission, receive an annual compensation less than the total compensation being received by the county treasurer ex officio collector in that county for services rendered or performed for the period beginning March 1, 1987, and ending February 29, 1988, unless such total compensation paid exceeds the maximum compensation allowable for the office of county treasurer ex officio collector in such county under the provisions of this section. . . . [Emphasis added.]
* * *
Section 54.320 was again amended in 1990 by Senate Substitute for House Bill No. 1452, 85th General Assembly, Second Regular Session (hereinafter referred to as "House Bill No. 1452"); however, the provisions of Section 54.320 as quoted above to be considered in addressing your question remained the same as enacted by Senate Bill No. 431.
"[I]t is well-settled law that a right to compensation for the discharge of official duties is purely a creature of statute, and that the statute which is claimed to confer such right must be strictly construed." State ex rel. Linn Countyv. Adams, 172 Mo. 1, 72 S.W.2d 655, 656 (Mo. 1903). See alsoWard v. Christian County, 111 S.W.2d 182, 183 (Mo. 1937). Section 54.320, RSMo 1986, specifically allowed the treasurer ex officio collector in a third class county adopting township organizations the commissions provided by law without limitation if the total amount levied exceeded four million dollars. In the circumstances described in your request, the treasurer ex officio collector was entitled by law to keep the commissions she erroneously paid into the General Revenue Fund. To permit public officials elected or appointed to receive by agreement or otherwise a less compensation for their services than fixed by law would be contrary to the public policy of the state. Reedv. Jackson County, 142 S.W.2d 862, 865 (Mo. 1940). Therefore, we conclude that the treasurer ex officio collector is entitled to the compensation provided by statute for the period beginning March 1, 1987, and ending February 29, 1988.
Section 54.320, as enacted by Senate Bill No. 65, specifically stated that the provisions of Section 54.320, effective January 1, 1988, "shall not permit or require a reduction in the amount of compensation received by any person holding the office of treasurer ex officio collector on the effective date of this section." Section 54.320, as enacted by Senate Bill No. 431 and House Bill No. 1452, provides that the treasurer ex officio collector "shall not, except . . ., receive an annual compensation less than the total compensation being received by the county treasurer ex officio collector in that county for services rendered or performed for the period beginning March 1, 1987, and ending February 29, 1988. . . ." From the information you have provided, we understand the basis for the compensation of the treasurer ex officio collector should have been the commissions for the year beginning March 1, 1987, and ending February 29, 1988, because the salary schedule adopted by Senate Bill No. 65 would have resulted in "a reduction in the amount of compensation" which was expressly prohibited. Therefore, we conclude that until such time as the exceptions and adjustments in Section 54.320 become applicable, the compensation of the treasurer ex officio collector shall not be less than the compensation to which the county treasurer ex officio collector was entitled for the period beginning March 1, 1987, and ending February 29, 1988.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General