STATE ex rel. ALLEN O. HARRISON, Respondent,
v.    JOSEPH    M.    PATTERSON,    GEORGE
HOLMES AND EDGAR E. AXLINE, Appel-
lants.

### Kansas City Court of Appeals, December 5, 1910.

1. **PROSECUTING ATTORNEYS: Special Prosecutors.** The
prosecuting attorney of Jackson county refused to recognize a
grand jury summoned to investigate violations of the Sunday
law, as a legally constituted body, and declined to place any
information before them, or to sign any indictments that they
might return. This information having been reported to the
court, relator was appointed to perform the duties of prosecu-
tor. He served 112 days, and brought this action to compel
the county court to compensate him for that period at the same
rate paid the prosecuting attorney. *Held*, that Jackson county
being one of the class of counties wherein prosecuting attorneys
are paid a fixed salary, and all fees collected by his office are
paid into the public treasury, relator cannot recover for his
service, there being no statute providing compensation there-
for.

2. ———: ———. The right to compensation for the discharge
of official duties is purely a creature of statute, and he is en-
titled to none for services he may perform as such officer un-
less the statute gives it.

Appeal from Jackson Circuit Court.—*Hon. Walter A.
Powell,* Judge.

REVERSED.

*J. G. L. Harvey,* County Counselor, for appellant.

*W. R. Thurmond* and *Chaney & Harrison* for re-
spondent.

JOHNSON, J.—We are asked by respondent to
affirm the judgment on account of an imperfection in
the abstract of the record. If the point were well tak-

en it would call for the dismissal of the appeal and not for the affirmance of the judgment, but under recent decisions of the Supreme Court, we must rule the objection is not well founded and, accordingly, it is overruled. [Coleman v. Roberts, 214 Mo. 634; Booth v. Railroad, 217 Mo. l. c. 714; Hanks v. Hanks, 218 Mo. l. c. 676.]

This is a mandamus suit prosecuted by the relator, an attorney of Kansas City, to compel the judges of the county court to pay him for services rendered as special prosecuting attorney of Jackson county. Relator prevailed in the circuit court and the case is before us on appeal of respondents from a judgment awarding a peremptory writ. The suit is the outgrowth of an energetic and persistent effort to enforce in Jackson county the criminal statutes popularly known as the "Sunday Closing Law." A grand jury summoned in September, 1907, continued in session nearly a year and returned approximately three thousand indictments for alleged violations of this law. In September, 1908, the Honorable William H. Wallace, Judge of Division No. 1 of the Criminal Court, caused a grand jury to be summoned for the September term, and, in the order, directed the marshal of Jackson county to "select and summon twelve good and lawful citizens from the body of the county of Jackson, State of Missouri, having the requisite qualifications for grand jurors, to serve as a grand jury," etc. The marshal selected and summoned a jury in obedience to this order. On the appearance of the panel in court the judge examined each juror and found that five were opposed to the enforcement of the Sunday law. He pronounced them disqualified and discharged them from the panel. The judge then selected five men from bystanders in court and placed them in the panel. After doing this he administered the oath and the jury thus constituted entered into the performance of the duties of a legally constituted grand jury. No

objection was interposed to any of these proceedings
until after the jury were sworn. After the jury con-
vened the prosecuting attorney, for reasons not now
important, appeared before them, announced his re-
fusal to recognize them as a legally constituted body
and stated "that he would not place any informations
before this grand jury, or permit any of his deputies
to do so, and that he would not recognize or sign any
indictment that they might return." The jury report-
ed this action of the prosecuting attorney to the court
and thereupon the court made an order declaring that
the prosecutor was "absent" within the meaning of
the statute, and appointing relator "to act as special
prosecutor, and to wait upon said grand jury, and as-
sist it and to sign indictments returned by it and to
prosecute the same. He is also appointed for the pur-
pose of filing informations if he deems it necessary
and to appear against all violators of our Sunday
laws, and to attend to such other duties with reference
to the prosecution of Sunday violators as the court may
direct." The prosecuting attorney continued in the
discharge of all duties of his office except those the re-
lator was appointed to perform. Relator served 112
days as special prosecutor and demands compensation
for that period at the rate of five thousand dollars
per year, the salary allowed by law to the prosecuting
attorney.

There are other facts in the record, but those
stated control the disposition of the case. Many in-
teresting questions of law are argued with great learn-
ing and ability in the briefs of counsel but in the view
we take of the case we find it necessary to discuss only
one proposition urged by appellants for a reversal of
the judgment, i. e. Does the law applicable to counties
of the class to which Jackson county belongs allow any
compensation to a special prosecutor appointed by the
criminal court to perform the duties of the prosecut-

ing attorney? Section 1013, Revised Statutes 1909 provides: "If he (the prosecuting attorney) be sick or absent such court shall appoint some person to discharge the duties of the office. until the proper officer resume the discharge of his duties." And section 1014 provides: "The person thus appointed shall possess the same power and receive *the same* fees as the proper officer would if he were present."

Relator bases his demand for compensation on these statutes and we shall concede, *arguendo,* without so deciding, that the grand jury was legally impanelled and sworn; that the prosecuting attorney was not legally justified in refusing to assist the jury in the discharge of its functions; that his action constituted "absence" within the meaning of section 1013; that the court acted within the scope of its powers in appointing relator special prosecuting attorney for Jackson county and that relator is entitled "to receive the same fees as the proper officer would if he were present."

The thing that embarasses relator in maintaining his demand is that he performed his services in a county where the prosecuting attorney receives no other compensation than a fixed salary of five thousand dollars per annum and is compelled by law to account for and pay to the county treasurer all the fees collected by his office.

The statutes grade the compensation of prosecuting attorneys according to the population of the respective counties. In nearly all counties, a salary ranging from three hundred to one thousand dollars per annum is paid, and in addition thereto, the attorney is allowed to "receive for his services in the circuit court such fees as are allowed by law." [Section 1005, R. S. 1909.] Had relator rendered his services in one of such counties he would have been entitled to receive all the fees his services brought to the office but there is no warrant in the provisions of sec-

tion 1014, for saying that he would have been entitled in such case to receive any part of the prosecuting attorney's fixed salary. Turning to article 3, chapter 104, Revised Statutes 1909, we find in the class of counties to which Jackson belongs, the prosecuting attorney receives a fixed salary of five thousand dollars per annum (sec. 10737) and is compelled "to charge upon behalf of the county every fee that accrues to his office and to receive the same and the fees . . . that may be taxed in his office," and "at the end of each month pay over to the county treasurer all moneys collected by him as fees." [Sections 10742 and 10743.]

The prosecuting attorney receives no fees as compensation for his services and it is clear a special prosecutor can receive none since there is a positive mandate of the statute that all fees must be paid into the public treasury and in the absence of express statutory warrant they cannot be diverted to any other use or purpose.

But relator argues that the term "fees" in section 1014 should be defined to mean the salary of the prosecuting attorney in counties where the law gives him no other compensation than a salary. This section appears in the article of the statutes relating to "Circuit and Prosecuting Attorneys" and we think it sufficiently discloses the legislative intent that its provisions should apply only to those counties mentioned in section 1005 and that, even where applicable, it does not authorize the payment of any salary to the special prosecutor. The rule is well settled that a public officer cannot demand any compensation for his services not specifically allowed by statute, and that statutes providing such compensation must be strictly construed. [Shed v. Railway, 67 Mo. 687; Gammon v. LaFayette Co., 76 Mo. 675; State v. Wofford, 116 Mo. 220; State ex rel. v. Walbridge, 153 Mo. 194; Sanderson v. Pike Co., 195 Mo. 598.]

At common law the rule was that "where the law imposes a duty upon an officer, he cannot claim a remuneration for fulfilling it unless the law has expressly conferred such right." [Crofut v. Brandt, 58 N. Y. 106.] The most recent recognition in this state of this rule thus is expressed in Sanderson v. Pike County, supra: "It is well-settled law in this state that the right to compensation for the discharge of official duties is purely a creature of the statute, and that the statute which is claimed to confer that right must be strictly construed. The right of a public officer to compensation is derived from the statute and he is entitled to none for services he may perform as such officer unless the statute gives it. . . . Such compensation is not the creature of contract nor dependent upon the fact, or value of services actually rendered, and cannot be recovered upon *quantum meruit.*"

There is a practical reason for thinking that the term "fees" was not intended to be treated as the synonym of salary or compensation. Where the prosecuting attorney is allowed to retain the fees of his office as part of his remuneration, the statute allowing such fees to be diverted to the special prosecutor who earned them takes nothing out of the public treasury, but if we should construe the statute to comply with the insistence of relator, it would result in laying a double burden on the public purse for the performance of a single service—a result we are sure the Legislature did not intend. It is one thing to make a disabled or absent servant pay for substituted services out of his own pocket, and another and entirely different thing for the master to pay twice for the same service.

The learned trial judge erred in awarding the peremptory writ. The judgment is reversed. All concur.