JAMES M. HOLMAN, Appellant, v. CITY OF MACON, Respondent.

Kansas Cty Court of Appeals, May 1, 1911.

1. **PUBLIC OFFICERS: Police Judge: Compensation: Ordinances.** Where the statutes invest a municipal corporation with the power to regulate and fix the compensation of municipal officers, the ordinances enacted for that purpose must be treated as though passed by the Legislature itself, and the recognized rule of statutory construction must be followed that a public officer cannot demand any compensation for his services not specifically allowed by statute, and that statutes fixing such compensation must be strictly construed.

2. ———: ———: ———: ———. Where an analysis of the ordinances discloses no purpose on the part of the city to give any other compensation to the police judge than the salary provided, but on the contrary the intent is made manifest that the fees of the office should be taxed by the police judge, collected by the marshal, and paid into the city treasury, and where there is a complete absence of any provision for paying any of the fees back to the police judge, the plaintiff, who was a police judge of Macon, a city of the third class, cannot recover from the city the fees of the office collected and paid into the city treasury during his administration.

3. ———: ———: ———: ———. Although the initial clause of one section of an ordinance provides that "in addition to the fees allowed by law and ordained to the city officers," etc., the rules of statutory construction preclude a recovery by the police judge of fees paid into the city treasury where no fees are ordained to the police judge in any of the provisions of the ordinances.

4. **APPELLATE PRACTICE: Question Raised for First Time on Appeal.** Where the fact is not pleaded either in the petition or answer, and it is not conceded by defendant that the police judge received no other compensation than the fees of the office *before* the enactment of a certain ordinance which fixed his salary at $240 per annum, and which opened with a recital that "in addition to the fees allowed by law and ordained to the city officers, the following annual salaries . . . shall be paid," etc. *Held*, that the appellate court cannot go into the question—raised only in the brief of appellant—of whether the words "in addition to the fees allowed by law," etc., were a recognition of the right of the police judge to continue in the enjoyment of such fees.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*B. R. Dysart*, *Ed S. Jones* and *Ben Franklin* for appellant.

*Walter C. Goodson* and *George N. Davis* for respondent.

JOHNSON, J.—This is an action by the police judge of Macon, a city of the third class, for the recovery from the city of fees of the office collected and paid into the city treasury. The ordinances of the city provide a salary for the police judge of $240 per annum and plaintiff was paid the salary during the period in controversy, but he claims that the fees of the office were made a part of his compensation by ordinance. The city contends that the fees belonged to the city and that the only compensation allowed by ordinance to the police judge was a salary of $240 per annum. No reply was filed by plaintiff to the answer and, on motion, judgment was rendered on the pleadings for the defendant on the ground that the conceded facts sustain the position of defendant.

Pertinent statutes relating to cities of the third class are as follows: "Sec. 9147. (Rev. Stat. 1909). Elective officers—terms of office.—The following officers shall be elected by the qualified voters of the city, and shall hold their offices for two years, and until their successors are duly elected and qualified, to-wit: A mayor, marshal, attorney, police judge, assessor, collector and treasurer. . . .

"Sec. 9171. Compensation of officers.—The council shall have power to fix the compensation of all the officers and employees of the city; but the salary of an officer shall not be changed during the time for which he was elected or appointed."

Pursuant to these statutes the city, on September 10, 1894, enacted an ordinance designated as ordinance No. 5, from which we quote the following section:

"Section 2.   That in addition to the fees allowed by law and ordained to the city officers, the following annual salaries, payable in equal one-fourth installments quarterly, shall be paid to the officers hereinafter mentioned for their services, to be paid from the common or such other fund as may be provided for that purpose, to-wit:   Mayor, a salary of $100 per annum; city clerk, a salary of $100 per annum; attorney, a salary of $100 per annum; treasurer, a salary of $100 per annum; police judge, a salary of $240 per annum; marshal, a salary of $40 per month; police, a salary of $40 per month.   The collector shall collect all taxes, licenses and other moneys due the city, and shall be paid by the city a commission of three per cent on all amounts of current taxes, licenses and other moneys, collected, except saloon licenses one per cent.   The assessor such fees as may be by ordinance or resolution.   Each councilman a salary of sixty dollars per year."

And on October 1, 1894, the city enacted ordinance No. 19, entitled:   "An ordinance concerning the police court and regulating the proceedings therein."   Sections 39 to 47 inclusive of that ordinance contain all of its provisions relating to the assessment, collection and disposition of the police court fees.   Those sections are as follows:

"Section 39.   Witnesses duly summoned and attending in the police court, shall be entitled to receive fifty cents each for each day's attendance before the police judge, to be taxed against the losing party; but no witness shall be allowed pay for his attendance in more than one case on the same day.

"Sec. 40.   Jurors serving in the police court shall be allowed a fee of seventy-five cents each, to be taxed against the losing party.

"Sec. 41. All fees not called for within the thirty days after the same shall have been collected, shall be paid by the marshal into the city treasury.

"Sec. 42. Whenever any person shall be convicted (of) any ordinance in this city, in a case where the penalty is not fixed by such ordinance, it shall be lawful for the police judge or the jury, as the case may be, to assess the fine at a sum not less than three nor more than one hundred dollars.

"Sec. 43. In all suits and prosecutions in the police court, the costs shall be taxed to the unsuccessful party.

"Sec. 44. It shall be the duty of the police judge at the end of each month, to make out and certify under oath, a list of persons brought before him under arrest, stating the name of the person, by whom and for what offense arrested, the manner of trial and disposition of the case, the amount of costs, which list shall be filed with and carefully preserved by the clerk, and the amount of fees and costs charged to the marshal.

"Sec. 45. All fees and costs due any city officer or other person on account of proceedings in the police judge's court, shall be paid by the city. All fees, costs and fines collected from parties adjudged to pay the same on account of proceedings had in the police judge's court, shall be paid into the city treasury.

"Sec. 46. There shall hereafter be charged and collected as fees in all proceedings brought in the police judge's court and which shall be paid into the police judge's court fund of the city treasury as follows: (Here follows an itemized list).

"All costs of continuance to be paid and taxed against the party causing the same, and if made at the instance of defendants the police judge may demand all costs caused by such continuance before granting the same. For all other services the police judge shall assess fees as justices of the peace are allowed for like

services. The city marshal or any one of the city policemen shall receive one dollar for each arrest, with or without warrant, made by any one of them for a violation of any ordinance of this city. The city marshal shall receive as a full compensation for his services for attending any trial in the police judge's court for the violation of any of the city ordinances, the sum of one dollar and 25 cents for summoning each witness in any case. The same fees to be allowed and paid to any other person performing the duties of city marshal in the event of his disqualification or absence. All the aforesaid fees and all costs to be taxed against the losing party. No costs or fees to be paid to any city officer or any other person, in the event the case is appealed, until the final termination of the suit. The police judge shall take the sworn statement in writing of all persons who sign bonds as securities, wherein they shall be required to state under oath as to the amount and value of property they possess over and above all liabilities and file the same with the papers in the cause. An itemized fee bill shall be filed by the police judge at the end of each month, before any fees are allowed.

"Sec. 47. All costs and fees shall be collected by and paid to the city marshal, who shall pay the same at the end of each month into the city treasury, taking duplicate receipts therefor, and file one of said receipts with the city clerk at the end of each month, together with an itemized account, showing from whom collected.

The solution of the questions in controversy depends on the construction that should be given these ordinances. They are to be governed by the rules of interpretation that apply to legislative enactments. The rule is well settled that where the statutes invest a municipal corporation with the power to regulate and fix the compensation of municipal officers, the ordinances enacted for that purpose must be treated as though passed by the Legislature itself. A recognized rule of statutory construction is that a public officer cannot demand any

compensation for his services not specifically allowed by statute and that statutes fixing such compensation must be strictly construed. [State ex rel. v. Patterson, 152 Mo. App. 264, 132 S. W. 1183.] An analysis of the ordinances discloses no purpose on the part of the city to give any other compensation to the police judge than the salary provided. On the contrary the intent is made manifest that the fees of the office should be taxed by the police judge, collected by the marshal and paid into the city treasury. The judge is required to render to the treasurer an itemized monthly account of the fees and pay those collected by him "into the police judge's court fund of the city treasury."

There is a complete absence of any provision for paying any of the fees back to the judge. If the city had intended that any of them should be treated as a part of his compensation, the ordinances completely fail to express such intention. We cannot look beyond them and, as we said, they must be strictly construed.

Plaintiff lays stress on the initial clause of section 2 of ordinance No. 5, which provides "that in addition to the fees allowed by law and ordained to the city officers," etc.

But the effect accorded that clause by plaintiff cannot be allowed for the reason that no fees are ordained to the police judge in any of the provisions of the ordinances. It is contended in the brief of plaintiff that since the police judge received no other compensation than the fees of the office before the enactment of ordinance No. 5, the clause under consideration was a recognition of his right to continue in the enjoyment of such fees; but the fact, if it be a fact, on which that argument is based, is not pleaded either in the petition or answer and is not conceded by defendant whose counsel in their brief decline to go into the issue thus tendered by their adversary for the stated reason that "there is nothing in the pleadings to show that prior to the time of the passing of ordinance No. 5, fixing salaries of city

officers, the police judge was entitled to any fees." In this state of the record, we cannot go into the question —raised only in the brief of appellant—and must confine our attention to the pleaded facts.

The learned trial judge took the proper view of the case, and it follows that the judgment must be affirmed. All concur.