**JENKINS & KLING, P.C., f/k/a Jenkins, Kling & Sauerwein, P.C., Plaintiff/Respondent,**

v.

**The MISSOURI ETHICS COMMISSION, John Maupin, in his official capacity as Chairman of The Missouri Ethics Commission, Defendants/Appellants,**

**Citizens to Re–Elect Virvus Jones, and Friends of Virvus Jones, Defendants.**

No. 70496.

Missouri Court of Appeals, Eastern District, Division Two.

May 6, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jane A. Rackers, Asst. Atty. Gen., Jefferson City, for defendants/appellants.

Michael P. Stephens, Roger W. Pecha, Jenkins & Kling, P.C., Clayton, for plaintiff/respondent.

Before CRANE, P.J., and GERALD M. SMITH and PUDLOWSKI, JJ.

PER CURIAM.

Ronald E. Jenkins was appointed as a special prosecutor by the St. Louis City Circuit Court pursuant to § 105.961.2 RSMo 1994 to investigate a complaint of campaign finance violations by St. Louis Comptroller Virvus Jones. Jenkins investigated the complaint, determined that criminal charges were not warranted, filed a civil action against two of Jones' campaign committees, and recovered civil fines in the amount of $10,000.00 by a consent judgment. His law firm then filed this action to recover his legal fees. The trial court entered a judgment for fees, interest, and costs against the Missouri Ethics Commission and its chairman, John Maupin, jointly and severally. They appeal. We reverse.

The Missouri Ethics Commission (hereinafter "the Commission") is a bipartisan commission composed of six members who are appointed by the governor with the advice and consent of the senate. § 105.955. The Commission is directed to receive complaints regarding violations of campaign finance statutes. § 105.957. Upon receipt of a complaint, the Commission assigns the complaint to a special investigator who submits a report to the Commission. § 105.961.1. If the Commission, after review of the report, determines there are reasonable grounds to believe a criminal law violation has occurred, upon vote of four members, the Commission is directed to refer the report to the Missouri office of prosecution services which then recommends a panel of attorneys to the circuit court for appointment of a special prosecutor. § 105.961.2. The prosecutor is to be appointed pursuant to § 56.110 and paid as set out in § 56.130 which provides:

56.130. **Power of appointee.**—The person appointed shall possess the same pow-

er as the proper officer would if he was present and shall receive a reasonable fee for each case prosecuted to be fixed by the court and to be taxed and paid as other costs in criminal cases.

The prosecutor is then directed to either commence an action based on the reports by filing an information or seeking an indictment within sixty days of appointment or to file a written statement with the Commission explaining why criminal charges should not be sought. § 105.961.2. If the Commission concludes a violation of law has occurred, which either is not criminal or not appropriate for criminal prosecution, its proceedings are governed by other subsections of this statute. *See* §§ 105.961.3–105.961.7, 105.961.14.

In June, 1994 James F. Shrewsbury filed a complaint against Jones with the Commission. On June 23, 1994 the Commission found reasonable cause to believe there was evidence of criminal violations of campaign finance statutes and voted 5–0 to refer the matter to the Missouri office of prosecution services (MOPS) pursuant to § 105.961.2. MOPS submitted a list of five prosecutors to the Circuit Court of the City of St. Louis in accordance with § 105.961.2. By order dated July 7, 1994, the circuit court appointed Jenkins to serve as the special prosecutor pursuant to § 105.961.2. On August 10, 1994 the court amended its order to reflect that, at the request of both Jenkins and MOPS and "pursuant to § 105.961.2," Jenkins was appointed as special prosecutor "to take such action authorized by law as he may deem appropriate concerning the above styled cause."

Jenkins did not institute criminal charges. Jenkins testified that he reported to the Commission that his investigation did not find any evidence that would support a criminal conviction against Jones or the campaign committees. He negotiated an agreement with Jones by which Jones would enter into a consent judgment on behalf of his campaign committees to pay civil penalties totaling $10,000.00. On August 26, 1994 Jones entered into and the court approved the consent judgment. The Jones committees paid the civil penalties with checks payable to the State of Missouri which Jenkins forwarded to the Commission. The checks were deposited in the state treasury.

The petition was styled "State of Missouri, ex rel., Ronald E. Jenkins, Esq., Special Prosecutor, plaintiff, v. Citizens to Re–Elect Virvus Jones, and Friends of Virvus Jones." The petition alleged that the action was brought by the state at the relation of Jenkins as special prosecutor and alleged he was proceeding under § 105.961.2 with the powers provided in § 56.130.

On September 15, 1994 Jenkins sent the Commission, in care of its director of compliance, a legal bill for services rendered in the amount of $9,353.11. He made two other demands for payment.

On September 19, 1995 Jenkins's law firm, Jenkins & Kling, P.C., filed a four count petition against the Commission and John Maupin, in his official capacity as Chairman of The Missouri Ethics Commission, as well as the two Jones campaign committees to recover his legal fees of $9,353.11, interest, and costs. The plaintiff law firm sought recovery from the Commission and Maupin under theories of breach of contract, suit on account and quantum meruit. The law firm sought a statutory remedy under § 56.130 against the campaign committees. The court entered a default judgment against the campaign committees for failure to appear. The case was tried on the counts against the Commission and Maupin on January 18, 1996. On March 25, 1996 the court entered judgment against the Commission and Maupin, jointly and severally, in the amount of $9,353.11 plus prejudgment interest of $543.65 for a total award of $9,896.76. Costs were taxed against the Commission and Maupin.

■ The Commission and Maupin first contend that no contractual, statutory, or other authority exists to support the trial court's judgment allowing the plaintiff law firm to recover Jenkins's legal fees from them. We agree.

In Count I the plaintiff law firm[1] alleged that a contract was formed on or about July

---

1. The plaintiff law firm's standing was not raised as an issue.

7, 1994, the date of Jenkins's appointment as special prosecutor, when the plaintiff law firm promised to provide legal services and the Commission promised to pay for them. In Count II, denominated suit on account, the plaintiff law firm alleged that it provided legal services to the Commission at its special instance and request between July 7, 1994 and August 26, 1994. In Count III the plaintiff law firm alleged the Commission knowingly accepted the legal services and benefitted from them.

At trial Jenkins testified that he did not have an express written or verbal contract with the Commission. Rather, he testified the agreement arose from the statutory appointment procedure and confirmation by Michael Reid, the Commission's director of compliance, that the statutory appointment process had been followed. The plaintiff law firm also relied on Jenkins's conversation with Reid who told Jenkins that the Commission would pay Jenkins's fee if the City of St. Louis did not, a letter Maupin sent Jenkins after judgment congratulating and thanking him for his outstanding work, and a letter the attorney general sent Jenkins in January, 1995 in which the attorney general advised Jenkins it did not wish him "to assert any privilege on behalf of the state" with respect to a federal subpoena. On appeal the plaintiff law firm further argues it is entitled to payment by the Commission under § 105.955.15(4) which allows the Commission to employ personnel.

■ Jenkins was appointed a special prosecutor by the circuit court under § 105.961.2. Under this statute he became a special prosecutor for the State of Missouri, to prosecute state criminal law violations, with the same powers as a prosecutor. He did not become an attorney for the Missouri Ethics Commission. The appointment process does not create an attorney-client relationship between the Commission and the special prosecutor. A prosecutor represents the state, not a complaining witness, because a prosecutor is retained by the state for the prosecution of persons accused of crimes. *State v. Goree*, 546 S.W.2d 785, 788 (Mo.App.1977), citing *State on Inf. McKittrick v. Wymore*, 345 Mo. 169, 132 S.W.2d 979, 986 (banc 1939); *State*

*ex rel. Griffin v. Smith*, 363 Mo. 1235, 258 S.W.2d 590, 593 (banc 1953).

■ A person who is appointed a special prosecutor becomes for that purpose a public officer. As a public officer, a special prosecutor's right to compensation for discharge of official duties derives solely from statute. *State ex rel. Harrison v. Patterson*, 152 Mo. App. 264, 132 S.W. 1183, 1185 (1910). "Such compensation is not the creature of contract nor dependent upon the fact, or value of services actually rendered, and cannot be recovered upon quantum meruit." *Id.* A public officer's right to be compensated for the performance of duties imposed on the officer by law " 'does not rest on any theory of contract, express or implied, but is purely a creature of the statute.' " *State ex rel. Forsee v. Cowan*, 284 S.W.2d 478, 481 (Mo. 1955), quoting *Maxwell v. Andrew County*, 347 Mo. 156, 146 S.W.2d 621, 625 (Mo.1940). In *Cowan* the Supreme Court distinguished between services rendered by a public officer and those rendered by one individual to another in a private capacity. It noted that the law implies a promise to pay the reasonable value of services rendered in a private capacity, but the public officer's compensation for services is fixed by statute. *Id.; see also Becker v. St. Francois County*, 421 S.W.2d 779, 782 (Mo.1967).

Jenkins was appointed under § 105.961.2 which provides: "[t]he court shall then appoint from said panel a special prosecutor pursuant to section 56.110 RSMo, who shall have all the powers provided by section 56.130, RSMo." Section 56.130 is the only statute which authorizes the payment of a special prosecutor's fee.

Jenkins was appointed as special prosecutor under § 105.961.2 and purported to act pursuant to that authority. Under § 56.130 he was to receive a reasonable fee for those services performed within the scope of the statute under which he was appointed. He may not receive a fee for services arising out of and performed pursuant to and within the scope of his appointment other than as authorized by this statute.

Jenkins's argument that he is entitled to compensation under § 105.955.15(4) has no

merit. He was not appointed or hired under that section. Section 105.955.15(4) has no application to the appointment of a special prosecutor and cannot be used to create an obligation on the part of the Commission to pay the special prosecutor. In 1996 § 105.955.15(4) was amended to allow the Commission to employ legal counsel, but it specifically provides that such counsel is not to represent the Commission before Missouri courts or administrative agencies.

Because Jenkins was appointed to the position of special prosecutor, his sole recourse for compensation for his services performed in that capacity, pursuant to and within the scope of that authority, is under § 56.130. He has no claim for compensation against the Commission under a theory of contract, implied contract, quantum meruit, or other statutory provision.

In view of our disposition of this first point, we need not reach the Commission's remaining points which claim error in the assessment of costs against the state and Maupin's joint and several liability.

The judgment of the trial court is reversed.