# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 05-6007WM

In re:                                          *
                                                *
Frank Lamont Swain and                          *
Esther Marie Swain,                             *
                                                *
            Debtors.                            *
                                                *
Frank Lamont Swain and                          *      Appeal from the United States
Esther Marie Swain,                             *      Bankruptcy Court for the
                                                *      Western District of Missouri
            Plaintiffs - Appellants,            *
                                                *
                v.                              *
                                                *
Dredging, Inc., d/b/a Scott's Concrete          *
and Jane Ellen Martin,                          *
                                                *
            Defendants - Appellees.             *

Submitted: June 1, 2005
Filed: June 13, 2005

Before KRESSEL, Chief Judge, SCHERMER and DREHER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Plaintiffs Frank Lamont Swain and Esther Marie Swain ("Plaintiffs") appeal the bankruptcy court's[1] denial of summary judgment in favor of the Plaintiffs and entry of summary judgment in favor of Defendants Dredging, Inc., d/b/a/ Scott's Concrete ("Scott's Concrete") and Jane Ellen Martin (collectively "Defendants") on the Plaintiffs' complaint for damages arising out of the Defendants' alleged violation of the discharge injunction of 11 U.S.C. § 524. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the Defendants' actions in connection with a certain insufficient funds check issued by one of the Plaintiffs pre-petition constituted a violation of the discharge injunction of 11 U.S.C. § 524.[2] Faced with cross-motions for summary judgment, the bankruptcy court granted summary judgment in favor of the Defendants and against the Plaintiffs, concluding that the Defendants' actions did not violate the discharge injunction. We agree that the Defendants did not violate the discharge injunction and that entry of summary judgment in their favor and denial of summary judgment in favor of the Plaintiffs was appropriate.

---

[1]The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

[2]The Plaintiffs also argue in their brief, although not alleged in their complaint, that the Defendants actions violated the automatic stay of 11 U.S.C. § 362. At oral argument, counsel clarified that the Plaintiffs have abandoned this argument and therefore we need not address it. Nonetheless, the analysis and result would be the same under Section 362 of the Bankruptcy Code as it is under Section 524.

## BACKGROUND

On February 15, 2000, Mrs. Swain delivered to Scott's Concrete a check in the amount of $17,261.52. The check was returned marked "insufficient funds" on February 17, 2000. Shortly thereafter, Defendant Martin, the President of Scott's Concrete, contacted James Icenogle, the Camden County Prosecuting Attorney, and completed a referral form for bad checks provided by his office. On March 19, 2000, the Prosecuting Attorney's Office sent a letter to Mrs. Swain notifying her that the check had been returned marked insufficient funds and advising her that restitution must be made through the Prosecuting Attorney's Office in the amount of the check plus a $10 merchant fee and a $25 statutory penalty. On May 30, 2000, Mrs. Swain delivered funds to the Prosecuting Attorney sufficient to cover the bad check and the merchant fee. The Prosecuting Attorney forwarded the funds to the Defendants.

On June 28, 2000, the Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code. On May 8, 2001, the Chapter 13 Trustee filed a motion to convert the Plaintiffs' Chapter 13 case. The case was converted to Chapter 7 on November 6, 2001. On February 20, 2002, the Plaintiffs received a discharge under Chapter 7 of the Bankruptcy Code.

On March 6, 2002, the Chapter 7 Trustee filed a complaint pursuant to 11 U.S.C. § 547 against Scott's Concrete seeking to avoid the May 30, 2000, payment from Mrs. Swain to Scott's Concrete via the Prosecuting Attorney's Office as a preferential transfer. On June 3, 2002, the Chapter 7 Trustee and Scott's Concrete entered into a settlement wherein Scott's Concrete agreed to pay the Chapter 7 Trustee $11,500.

Some time prior to March 6, 2002, the date the preference action was filed, Defendant Martin provided to the Prosecuting Attorney's office a copy of the motion to convert the Plaintiffs' bankruptcy case from Chapter 13 to Chapter 7. Neither

3

Defendant Martin nor anyone else at Scott's Concrete had any further communication with the Prosecuting Attorney's Office regarding this matter.

On August 12, 2002, after the settlement of the preference action, the Prosecuting Attorney's Office sent another bad check letter to Mrs. Swain. The Plaintiffs' bankruptcy counsel and the Chapter 7 Trustee each sent letters to the Prosecuting Attorney in response to the August 2002 bad check notice. The Office of the Prosecuting Attorney filed an affidavit of probable cause with the Circuit Court of Camden County in connection with the bad check. A warrant was issued and Mrs. Swain was arrested on February 29, 2004. The Prosecuting Attorney eventually dismissed the criminal charges against Mrs. Swain.

On August 17, 2004, the Plaintiffs filed a complaint against the Defendants seeking compensatory and punitive damages for the Defendants' alleged violation of the Plaintiffs' discharge injunction issued pursuant to 11 U.S.C. § 524. The parties filed cross-motions for summary judgment. The bankruptcy court concluded that the Defendants did not violate the discharge injunction and granted summary judgment in favor of the Defendants and against the Plaintiffs. The Plaintiffs appeal the summary judgment.

## STANDARD OF REVIEW

The facts are not in dispute. We review the bankruptcy court's entry of summary judgment *de novo*. *Pedroza v. Cintas Corp. No. 2*, 397 F.3d 1063, 1068 (8th Cir. 2005); *Ahlborn v. Arkansas Department of Human Services*, 397 F.3d 620, 622 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397 (8th Cir. 2004). A grant of summary judgment will be affirmed if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ahlborn*, 397 F.3d at 622-23.

4

## DISCUSSION

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56, applicable herein pursuant to Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All facts must be viewed and reasonable inferences drawn in favor of the non-moving party. *Brosseau v. Haugen*, ___ U.S. ___, 125 S.Ct. 596, 597 n.2 (2004); *Hope v. Pelzer*, 536 U.S. 730, 734 n.1 (2002); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). In this instance, where summary judgment was ultimately entered in favor of the Defendants, we view all facts and draw all reasonable inferences in favor of the Plaintiffs.

Pursuant to Section 524 of the Bankruptcy Code, a bankruptcy discharge operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2). The Plaintiffs argue that the Defendants violated the discharge injunction by causing the Prosecuting Attorney to prosecute Mrs. Swain for the pre-petition check. The Plaintiffs are simply wrong. The only acts taken by the Defendants were filling out the bad check referral form pre-petition and delivering a copy of the motion to convert the Plaintiffs' bankruptcy case to the Prosecuting Attorney's Office post-petition. The exact date Ms. Martin delivered a copy of the bankruptcy pleading to the Prosecuting Attorney's Office is unclear. The delivery occurred prior to the filing of the preference action – some time prior to March 6, 2002. The Plaintiffs' discharge was entered on February 20, 2002. Therefore, it is possible that the delivery of the pleading occurred after the discharge injunction was in place. Viewing the facts in the light most favorable to the Plaintiffs, we will assume Defendant Martin delivered the bankruptcy pleading to the Prosecuting Attorney's Office after the discharge injunction was in effect.

5

Nonetheless, we do not believe this act constituted a violation of the discharge injunction.

The Defendants' delivery of a copy of a pleading from a public record to the Prosecuting Attorney does not constitute an act to collect a debt. In the first place, no debt existed between May 30, 2000, the date of the restitution payment, and March 6, 2002, the last date on which the delivery could have occurred. Scott's Concrete had been made whole by the pre-petition restitution payment. No debt existed until after the preference action was settled. Therefore, the Defendants could not have been acting to collect a debt. Furthermore, even if a debt had existed at the time, the delivery to a prosecutor of a copy of a public document – a pleading filed in the record of a bankruptcy case – does not constitute an act to collect a debt.

The Plaintiffs argue that the Defendants forwarded the conversion motion to the Prosecuting Attorney in anticipation of a preference action and the likelihood of having to return the payment to the bankruptcy estate. According to the Plaintiffs, the only possible purpose for contacting the Prosecuting Attorney was to gain assistance in collecting a debt, albeit an anticipated debt at the time of the contact. The record lacks one scintilla of evidence to support this theory. While we are obligated to view the facts in the Plaintiffs' favor and to draw all reasonable inferences in their favor, we cannot infer something which completely lacks evidentiary support. Such an inference would not be reasonable.

The Plaintiffs attempt to attribute the subsequent criminal prosecution to the Defendants. This argument must fail. The only way the Plaintiffs could be held accountable for the actions of the Prosecuting Attorney is if the Prosecuting Attorney was acting as their agent for the purposes of attempting to collect a debt. To establish an agency relationship between the Defendants and the Prosecuting Attorney, the Plaintiffs must establish three elements: (1) the Prosecuting Attorney held the power to alter legal relations between the Defendants and the Plaintiffs; (2) the Prosecuting

6

Attorney was a fiduciary for the Defendants within the scope of the agency; and (3) the Defendants had the right to control the conduct of the Prosecuting Attorney with respect to the matters entrusted to the Prosecuting Attorney. *State ex rel. Ford Motor Co. v. Bacon*, 63 S.W.3d 641, 642 (Mo. 2002)(en banc). The absence of any one of these elements defeats the purported agency relationship. *Id.* The touchstone of agency is the right of the principal to control the conduct of the agent. *Bost v. Clark*, 116 S.W. 3d 667, 676 (Mo. Ct. App. 2003). That factor is lacking in this situation.

A prosecuting attorney has broad discretion in deciding whether to prosecute a criminal case. *State v. Honeycutt*, 96 S.W.3d 85, 89 (Mo. 2003)(en banc); *State v. Gardner*, 8 S.W.3d 66, 70 (Mo. 1999)(en banc). A prosecuting attorney is retained by the state for prosecution of persons accused of crimes. *Jenkins & Kling, L.C. v. Mo. Ethics Commission*, 945 S.W.2d 56, 59 (Mo. Ct. App. 1997). A prosecuting attorney acts on behalf of the citizens of the state and not on behalf of the victims or complaining witnesses. *Weston v. State*, 2 S.W.3d 111, 115 (Mo. Ct. App. 1999). The Prosecuting Attorney was thus not acting on behalf of nor subject to the control of the Defendants and therefore could not have been their agent as a matter of law. Consequently, the only act by the Defendants which arguably occurred after entry of the discharge injunction was the delivery of the motion to convert to the Prosecuting Attorney. We have already established that such act did not violate the discharge injunction. In light of the foregoing, the bankruptcy court did not err in granting summary judgment in favor of the Defendants and against the Plaintiffs and such judgment must be affirmed.

## CONCLUSION

The Defendants did not violate the discharge injunction of 11 U.S.C. § 524 by delivering a copy of a pleading in the Plaintiffs' bankruptcy case to the Prosecuting Attorney. Furthermore, any actions taken by the Prosecuting Attorney in prosecuting

7

Mrs. Swain for the delivery of a bad check are not attributable to the Defendants and therefore likewise did not constitute a violation by the Defendants of the Plaintiffs' discharge injunction.  Accordingly we AFFIRM the entry of summary judgment in favor of the Defendants and against the Plaintiffs.

———————————————