

# In the Missouri Court of Appeals
# Eastern District

<u>**SPECIAL DIVISION**</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, et al., | ) | No. ED113210 |
| | ) | |
| Respondents, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 24SL-CC07283 |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) | Honorable Brian H. May |
| | ) | |
| Appellants. | ) | Filed: January 2, 2025 |

St. Louis County and the County Executive, Dr. Sam Page, appeal the circuit court's judgment declaring that Governor Michael L. Parson has the exclusive authority to fill the imminent vacancy in the Office of the St. Louis County Prosecuting Attorney. Because the prosecuting attorney performs essential state functions as a state officer, the Governor has the constitutional and statutory authority to make the appointment to fill the vacancy. The circuit court's judgment is affirmed.

## Background

The St. Louis County Prosecuting Attorney was elected to the United States House of Representatives in the November 2024 General Election and is expected to resign by January 3, 2025. Both the County Executive and the Governor claimed the authority to appoint a replacement. As a result the State filed this lawsuit, seeking a declaratory judgment that the Governor has the sole authority to appoint county prosecutors and that the County Executive's

proposed appointment violates article IV, § 4 of the Missouri Constitution and § 105.050, RSMo 2016.[1] The County answered and filed a counterclaim seeking a declaration that the County Executive has the authority to fill the anticipated vacancy under the County Charter. The County also filed a motion to dismiss the State's declaratory judgment action.

The case was tried on stipulated facts. After hearing arguments from counsel, the circuit court declared that the Governor has the exclusive authority to fill a vacancy in the County prosecuting attorney's office. Accordingly, the circuit court issued a temporary restraining order and a permanent injunction prohibiting the County from taking any further steps to fill the anticipated vacancy. Further, the circuit court dismissed the County's counterclaim asking the court to declare that the County had the exclusive authority to fill the vacancy. The County appeals. The State and the County filed a joint motion to expedite this appeal, which this Court sustained.[2]

## Standard of Review

"When a case is tried on stipulated facts, this Court needs to determine only whether the circuit court drew the proper legal conclusions from the facts stipulated." *Coleman v. Ashcroft*, 696 S.W.3d 347, 357 (Mo. banc 2024). Because the issues before this Court are questions of law, this Court reviews the circuit court's judgment *de novo*. *Id*.

---

[1] All statutory references are to RSMo 2016.

[2] The State noted that this Court typically would not yet have jurisdiction over this appeal given the time limits for a final judgment. Section 56.010 provides that an elected prosecuting attorney shall remain in office "until his successor is elected, commissioned and qualified." The St. Louis County Prosecutor is expected to vacate his office on January 3, which would leave the County without a prosecutor if this Court were to delay its decision. Both parties requested and consented to an expedited appeal, and this Court finds it appropriate to waive those time limits in the interest of justice. *Prosecuting Att'y, 21st Jud. Cir., ex rel. Williams v. State*, 696 S.W.3d 853, 860 (Mo. banc 2024).

2

**Analysis**

The only issue before this Court is whether the Governor or the County Executive has authority to appoint an individual to fill the County's impending prosecuting attorney vacancy. Resolution of this issue turns on the apparent conflict between the Governor's specific statutory authority to appoint a "competent person" to fill a prosecuting attorney vacancy pursuant to § 105.050 and the County Executive's claimed authority to make the same appointment pursuant to § 5.050 of the County Charter.

State law provides that the Governor shall make the appointment in Article IV, § 4 of the Missouri Constitution which states, "The governor shall fill all vacancies in public offices unless otherwise provided by law, and his appointees shall serve until their successors are duly elected or appointed and qualified." "Using the words' plain, ordinary meaning in the context of the constitution, the Governor has the constitutional authority to fill all vacancies in public offices unless another way of filling the vacancy is furnished by law." *Cope v. Parson*, 570 S.W.3d 579, 584-85 (Mo. banc 2019). To that end, § 105.050 specifically provides that when there is a prosecuting attorney vacancy, "the governor … shall appoint some competent person" to fill the vacancy until the next regular election.

Contrarily, § 5.050 of the County Charter provides that a "vacancy in the office of prosecuting attorney shall be filled by the [C]ounty [E]xecutive subject to confirmation by the council." The County claims to have enacted § 5.050 of County Charter under article VI, § 18(b) of the Missouri Constitution which grants all charter counties the authority to provide for the kinds and "manner of selection … of county officers …."

The resolution of this issue, therefore, comes down to the question of whether the St. Louis County Prosecutor is a "county officer" as that term is used in article VI, § 18(b) of the

3

Missouri Constitution. If the prosecuting attorney is a county officer, then the County Charter controls the selection process because charter counties are constitutionally entitled to choose the manner of selection of county officers. If the prosecuting attorney is not a county officer, then § 105.050 of the Revised Statutes of Missouri controls and the Governor is entitled to make the appointment.

No prior cases have decided whether a prosecuting attorney is a county officer as that term is used in article VI, § 18(b). Several cases cited by the County refer to the prosecuting attorney as a county official. *See, e.g.*, *Mo. Prosecuting Attys v. Barton County*, 311 S.W.3d 737 (Mo. banc 2010) (addressing issue of "compensation of county officers" under article VI, § 11 of the Missouri Constitution); *Perkins v. Burks*, 78 S.W.2d 845, 847 (Mo. 1934) (referring to an argument made by one of the parties that prosecuting attorneys are county officers). But each of these cases assumed the proposition without deciding it, and none of the cases involved the precise issue in this case.

The constitution does not define the term county officer. The only definition of the term that the County identified comes from a case decided under a prior version of the Missouri Constitution. In *State ex rel. Buchanan County v. Imel*, 146 S.W. 783 (Mo. banc 1912), the Supreme Court of Missouri gave two definitions of the words "county officer." The Court stated, "In their most general sense they apply to officers whose territorial jurisdiction is coextensive with the county for which they are elected or appointed. In a more precise and restricted sense, those words mean officers by whom the county performs its usual, political functions, its functions of government." *Id.* at 784 (internal quotation omitted). The Supreme Court gave this definition in holding that probate judges are not county officers because, although their jurisdiction may be largely limited to the county in which they serve, they do not perform "any

4

governmental functions of the counties for which they are elected[.]" *Id.* at 785. Rather, their functions were to "administer the laws pertaining to estates of deceased persons, minors, and persons of unsound mind." *Id.*

Applying such a functional analysis makes a great deal of sense in the context of article VI, § 18(b). This provision grants charter counties the authority to determine "the form of the county government, the number, kinds, manner of selection, terms of office and salaries of the county officers." A county charter, however, may only provide for county officers that serve the purposes for which a county is established. While a county may assist the State in its governmental functions, it may not supplant state authority. *See State on Info. of Dalton ex rel. Shepley v. Gamble*, 280 S.W.2d 656, 660 (Mo. banc 1955) ("A county under the special charter provisions of our constitution is possessed to a limited extent of a dual nature and functions in a dual capacity.") A charter county's authority is limited by constitutional and statutory directives. *Barber v. Jackson County Ethics Comm'n*, 935 S.W.2d 62, 67 (Mo. App. 1996) (stating charter provisions are limited by Missouri's constitution and statutes); *In re Design Craft, Inc.*, 26 B.R. 469, 472 (Bankr. W.D. Mo. 1983) (stating "[t]his authority, however, is hedged by constitutional and statutory restrictions"). These limitations are inherent because, even though the County has a charter form of governance, it "remains a legal subdivision of the state." *Missouri Bankers Ass'n, Inc. v. St. Louis County*, 448 S.W.3d 267, 272 (Mo. banc 2014).

"It is an essential element of all constitutional provisions establishing the principle of municipal home rule that the Constitution and general laws of the state shall continue in force within the municipalities which have framed their own charters, and that the *power of the municipality to legislate shall be confined to municipal affairs.*" *Grant v. Kansas City*, 431 S.W.2d 89, 92 (Mo. banc 1968) (emphasis added). "[C]ounties 'have no inherent powers but are

5

confined to those expressly delegated by the sovereign and to those powers necessarily implied in the authority to carry out the delegated powers.'" *Cedar County Comm'n v. Governor Michael Parson*, 661 S.W.3d 766, 772 (Mo. banc 2023) (quoting *Christian County v. Edward D. Jones & Co.*, 200 S.W.3d 524, 527 (Mo. banc 2006)). If the County's actions deal with the State's governmental functions, its charter's provisions, "although adopted under the constitutional provision therefor, must be and remain consistent with and subject to the statutes of the state enacted by the Legislature." *Grant*, 431 S.W.2d at 92.

As a result, determining whether the prosecuting attorney is a "county officer" for which the County charter may determine the manner of selection, turns on the function the prosecuting attorney serves. Decades of case law, as well as state statutes, demonstrate that the County prosecuting attorney performs the quintessential state governmental function of maintaining order and enforcing the State's laws within the County. Missouri courts have long recognized that a prosecuting attorney serves as "a quasi-judicial officer," *State v. Selle*, 367 S.W.2d 522, 530 (Mo. 1963), representing the people of the State. *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 581 (Mo. banc 1994).[3] "A prosecuting attorney possesses broad, almost unfettered discretion in deciding what charge and what punishment to seek" on behalf of the State. *State ex rel. Becker v. Wood*, 611 S.W.3d 510, 514-15 (Mo. banc 2020).

The prosecuting attorney is the only official who has authority to institute state charges in the circuit court of the elective county. Section 56.550. As the public officer possessing the duty

---

[3] *See also Jenkins & Kling, P.C. v. Missouri Ethics Comm'n*, 945 S.W.2d 56, 59 (Mo. App. 1997) (explaining that "[a] prosecutor represents the [S]tate … because a prosecutor is retained by the [S]tate for the prosecution of persons accused of crimes"); *J.C.S. v. Missouri State Highway Patrol Crim. Recs. Repository*, 675 S.W.3d 712, 715 (Mo. App. 2023) (stating the prosecuting attorney answered the petitioner "on behalf of the 'State of Missouri'"). Additionally, the Governor commissions prosecuting attorneys. Section 105.020.

6

of charging state crimes and representing the State, the prosecuting attorney is required to "institute and prosecute all criminal actions in the circuit court." *Id.* Even the Attorney General lacks this broad authority. *C.f.* Section 27.060 (allowing the Attorney General to institute civil actions in which the State's interests are involved). The Attorney General may *aid* in prosecuting criminal actions in the circuit court, but only in limited circumstances and only if asked to do so by the County's prosecuting attorney or the Governor. Section 27.030.

The Revised Statutes of Missouri also provide a strong indication that the prosecuting attorney is not a pure "county officer." Chapter 56 of the Revised Statutes of Missouri contains numerous provisions regarding prosecuting attorneys. These statutes provide the duties that a prosecuting attorney must carry out. Section 56.060.1. These duties include prosecuting all criminal actions on behalf of the State. *Id.* They also include handling a number of issues on behalf of a county, including pursuing and defending civil actions. *Id.* But, if a county chooses to utilize a county counselor, as does St. Louis County, then the county counselor performs all of the civil duties attendant to the county, while the prosecuting attorney maintains all of the criminal prosecution duties on behalf of the State. Section 56.060.2. It follows that, for all criminal prosecutions, the prosecuting attorney is the State's attorney.

The language of the Missouri Constitution and statutes lead this Court to the inescapable conclusion that the prosecuting attorney performs essential state governmental functions. As a result, the County's charter provisions are "subject to the statutes of the state enacted by the Legislature." *Grant*, 431 S.W.2d at 92. Section 105.050 unambiguously grants the Governor the authority to appoint a competent person to fill the prosecuting attorney vacancy, and supersedes the County's charter provision. Accordingly, the Governor has the authority to fill the anticipated Prosecuting Attorney vacancy.

## Conclusion

The circuit court's judgment is affirmed.

_____
John P. Torbitzky, P.J.

Lisa P. Page, J., and
Roy L. Richter, Sp. J., concur.